## J. F. PEACOCK, RELATOR, *v.* JOSEPH LEONARD, ON MOTION TO AMEND JUDGMENT.

AMENDMENT OF JUDGMENT OF SUPREME COURT. A judgment rendered at a previous term of the Supreme Court can only be amended upon something appearing in the original record.

PROCEEDINGS ON CERTIORARI OF APPELLATE NATURE. Proceedings upon *certiorari* for the review of the action of an inferior tribunal are of appellate nature, though not pursued in the ordinary and technical form of appeal.

WRIT OF RESTITUTION, WHEN ISSUED BY SUPREME COURT. Where the Supreme Court on *certiorari* annulled the proceedings of a district court under which the relator had been turned out of possession of certain property: *Held*, that in addition to annulling the proceedings of the court below, the Supreme Court could properly issue a writ of restitution to restore the relator to possession—such writ being necessary and proper to the complete exercise of its appellate jurisdiction.

By reference to the case of *J. F. Peacock, Relator,* v. *Joseph Leonard* on *certiorari*, *ante* 84, it will be seen that certain

proceedings of the District Court of the Second Judicial District, whereby Peacock had been turned out of possession of certain property in the town of Reno, Washoe County, were completely annulled. On the going down of that decision, the district court attempted to issue a writ of restitution; but on appeal (see *Leonard* v. *Peacock, ante* 157) such action of the court below was held utterly void on the ground that it had no jurisdiction for any positive or affirmative action whatsoever. Peacock then made this motion to amend the judgment of the Supreme Court in the *certiorari* cause, so as to give him costs and also to include a writ of restitution to restore him to possession.

*Haydon & Cain,* for Relator.

I. The Supreme Court can at any time amend its judgments *nunc pro tunc* in a proper case, where the record of the case discloses proper grounds therefor. *Hegeler* v. *Henckell,* 27 Cal. 491. Here the record shows that Peacock in his petition for *certiorari* prayed to be restored to all things that he may have lost by occasion of said judgment and writ of restitution issued and executed by virtue thereof.

II. If a court having jurisdiction over the subject-matter annuls and declares void a judgment of an inferior court, it can enforce its judgment also in all respects and order re-restitution. *Paul* v. *Armstrong,* 1 Nev. 82; *Kennedy* v. *Harner,* 19 Cal. 374; 3 Pick. 31; 10 Johns. 304. In this case the Supreme Court may issue all writs necessary or proper to the complete exercise of its appellate jurisdiction. Const. Art. VI. Sec. 4. Here the proceedings on *certiorari* were in the exercise of its appellate jurisdiction. *People* v. *Turner,* 1 Cal. 143; *Marbury* v. *Madison,* 1 Cranch, 137; *Curtis* v. *McCullough,* 3 Nev. 214.

III. The judgment roll in the *certiorari* case is in the Supreme Court as in a court of original jurisdiction. *Leonard* v. *Peacock, ante* 157. The Supreme Court therefore has general jurisdiction over the case, and hence can do all things necessary to render the decision effectual.

Having general jurisdiction over the subject-matter and power to enforce its judgments, it has a right to inquire what property and rights have been lost by reason of the void judgment and to restore the party to his rights.

*Webster & Knox,* for Respondent.

I.   Except in case where a clerical error or misprision is shown in the entries upon the record, this court has no juris- diction to amend its judgment after the term at which it was rendered has expired, and after ten days from the date of the entry of judgment.    To hold otherwise would be to vio- late the well settled principles of jurisprudence.    It would be saying that there shall be no end to litigation.    See *Bullion Co.* v. *Crœsus Co.* 3 Nev. 336; 4 Cal. 280; 8 Cal. 521; 28 Cal. 335; *Baldwin* v. *Kramer,* 2 Cal. 582; *State* v. *First Nat. Bank,* 4 Nev. 359; *Huntingdon* v. *Finch,* 3 Ohio State, 445; 1 Ohio, 375; 3 Ohio, 15; 17 Cal. 706.

II.   On *certiorari* this court may affirm, annul or modify the proceedings below.    Practice Act, Sec. 448.    It will only inquire whether the inferior court exceeded its juris- diction.    *People* v. *Dwinelle,* 29 Cal. 632; *People* v. *County Judge, etc.,* 40 Cal. 480; *State* v. *Co. Commissioners,* 6 Nev. 100; 5 Nev. 317; *Maynard* v. *Raily,* 2 Nev. 313; 5 Mass. 423; 13 Pickering, 196.    It will not review its own action except upon rehearing granted, in which case final judgment is stayed.    *Vansickle* v. *Haines, ante* 164.

III.   It is to be presumed that this court in the *certiorari* case passed upon all the questions raised in that proceeding, and rendered such a judgment as it was authorized to do, omitting no duty imposed upon it by law.    If it erred in its decision the relator should have applied for a rehearing at the same term or within the time allowed.    Not having done so he is concluded from having the case re-opened.

17

By the Court, WHITMAN, C. J.:

Motion is made to amend the judgment in *Peacock, Relator,* v. *Leonard* on *certiorari, ante* 84, by giving costs in favor of the relator on the proceedings in the district court. Could the judgment in any case be thus amended it could only be so at this time upon something appearing in the original record. The papers sent up on *certiorari* show a judgment for costs against relator, but the return of the sheriff states expressly that nothing was made out of him. What he expended and would in an ordinary action have had the right to tax against respondent does not appear; so even were it possible in such case to have afforded means of restitution upon annulling the action of the district court, this is not that case, and herein the relator has by the judgment on *certiorari* all the relief to which he proved himself entitled.

The further relief prayed in the motion stands upon a different footing. It appeared by the papers referred to that relator had been dispossessed of certain real property by the writ of the district court; and he asked in his petition to be restored to what he had lost. No special order was made for a writ from this court, and now motion is made to that end. It is unnecessary to consider whether this court may issue any writ in aid of its original jurisdiction (which to a certain extent is evidently granted by the constitution) other than those therein enumerated, as proceedings upon *certiorari* for the review of the action of an inferior tribunal are of appellate nature, though not pursued in ordinary and technical form of appeal. *People* v. *Turner,* 1 Cal. 143.

So the only question here is, can the court issue such a writ as will make its judgment effective? Ordinarily it acts in a given case through a district court, but such action is here impossible. *Leonard* v. *Peacock,* on appeal, *ante* 157. It therefore necessarily follows that the writ must issue herefrom or not at all; and if not, then a judgment has been pronounced which cannot be executed or put in process of execution, as the restitution of relator is the logical and only

practical sequence of the annulment of the action of the district court. The law does not favor any such anomaly. A writ of restitution in favor of relator is required to carry out and fulfill the judgment of this court. This proceeding upon *certiorari* being, as has been seen, of appellate nature, the required writ has the sanction of the letter of the constitution as one "necessary or proper (from this court) to the complete exercise of its appellate jurisdiction."

Let the writ issue in ordinary form, directed to the sheriff of Washoe County.