PEOPLE *ex rel.* SUTLIFF *v.* BOARD OF SUP'RS OF FULTON COUNTY.

(*Supreme Court, General Term, Third Department.* July 2, 1892.)

1. OFFICER—COMPENSATION FOR OFFICIAL DUTY—RETURN TO CERTIORARI.
     Making return to a writ of *certiorari* by a board of supervisors is not an official duty, within Code Civil Proc. § 3280, forbidding a charge by officers for the performance of duty imposed by law, except where expressly allowed.

2. BOARD OF SUPERVISORS—RETURN TO CERTIORARI—RIGHT TO FEES.
     A board of supervisors may refuse to make return to a writ of *certiorari* until their fees for preparing the same are paid, under Code Civil Proc. § 2005, which provides that a person on whom a writ of *certiorari* is served must make return thereto on payment of the fees allowed by law for preparing the return.

Appeal from special term, Fulton county.

*Certiorari* on the relation of Daniel E. Sutliff against the board of supervisors of Fulton county. From an order requiring defendant to make return to the writ without previous payment of its fees, defendant appeals. Reversed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*N. H. Anibal*, (*J. A. Dennison*, of counsel,) for appellant. *Smith & Nellis*, (*John M. Carroll*, of counsel,) for respondent.

HERRICK, J. The relator presented to the board of supervisors of Fulton county two verified claims for audit and allowance. After investigation, the board rejected the greater portion of such claims. The relator subsequently commenced proceedings to review the action of the defendant, the board of supervisors, and a writ of *certiorari* was granted by the supreme court, directed to the defendant, for the purpose of reviewing its proceedings upon the audit of such claims. The defendant prepared the return to said writ, but refused to file the same until the fees it claimed were allowed by law were paid by the relator. The relator claimed the defendant was not entitled to any fees whatever for preparing and filing such return, and refused to pay any. An order was granted at the special term requiring the defendant to file such return without the payment of any fees, and from such order the defendant appeals to this court. The relator cites section 3280 of the Code of Civil Procedure as authority for the nonpayment of fees. That section reads, in part, as follows: "Each public officer, upon whom a duty is expressly imposed by law, must execute the same without fee or reward, except when a fee or other compensation is expressly allowed by law." I do not think obedience to a process of the court comes within the provisions or meaning of this section; it is not a duty expressly imposed upon them by law as public officers; it is not an official duty; the section refers only to official duties. But, assuming that obedience to such writ does come within the meaning of section 3280, still there is a fee or other compensation allowed by law for making a return to a writ of *certiorari*. Section 2005 of the Code of Civil Procedure reads as follows: "A person upon whom a writ of *certiorari*, issued as prescribed in this title, is served, must, in like manner, upon payment or tender of the fees allowed by law for making a return to the writ, and for copying the warrant

or other process or proceeding to be annexed thereto, obey and return the writ, according to the exigency thereof." Under the name "person" is included, not only natural but artificial persons, corporations, and bodies corporate, whether municipal or otherwise. The board of supervisors, in making a return, necessarily acts through its officers and employes, and it is just as much entitled to the fee and compensation for making a return as a natural person. The only open question is, what is the fee? While the section I have quoted recognizes the fact that there is a legal fee allowed by law for making the return, I have been cited to no statute specifically stating what that fee is, unless it is section 2135 of the Code of Civil Procedure. That seems to fix the amount legally payable for making a return; and, in the absence of any other statute, we must be guided by that. The fee that is lawful for one class of persons to charge and receive must be the legal and proper fee for others to charge and receive from others for the same services. There is no reason why any different rule should prevail as to boards of supervisors than prevails as to other persons against whom writs of *certiorari* issue. The order of the special term should be reversed, with $10 costs and printing disbursements. All concur.