THE PEOPLE OF THE STATE OF NEW YORK ex rel. JACOB DREICER, Respondent, *v.* ISAAC Y. OUDERKIRK et al., Assessors, and Another, Appellants.

*Code of Civil Procedure, § 2005 — writ of certiorari — tender of fees necessary.*

Section 2005 of the Code of Civil Procedure requires a person upon whom a writ of certiorari is served, upon payment or tender of the fees allowed by law, to make a return. The tender or payment of fees for copies of papers required to be returned is a condition precedent which must be complied with before a person or a public body or an officer can be compelled by mandamus to make such return.

APPEAL by the defendants, Isaac Y. Ouderkirk and others, from an order of the Supreme Court, made at the Washington County Special Term and entered in the office of the clerk of the county of Saratoga on the 27th day of September, 1893, commanding the appellants to make and file a return to a writ of certiorari.

*Edgar T. Brackett*, for the appellants.

*A. W. Shepherd*, for the respondent.

MAYHAM, P. J.:

The assessment roll which the relator by his certiorari desired to bring up for review was at the time of granting of the writ filed

pursuant to law in the town clerk's office, from which the defendants could not legally withdraw the same. But they could obey the writ by returning sworn or certified copies thereof. (*Winegard* v. *Kromer*, 5 Misc. Rep. 54.)

Such a return would, however, impose upon the defendants the labor and expense of making or procuring copies of the assessment roll.

Section 2005 of the Code of Civil Procedure requires a person upon whom a writ of certiorari is served, upon payment or tender of the fees allowed by law, to make a return. The tender or payment of fees for copies of papers required to be returned seems to be a condition precedent which must be complied with before a party can be compelled by mandamus to make such return.

This rule applies to public bodies, or officers as well as individuals. Accordingly, this court held that a board of supervisors whose acts in refusing to allow a sheriff's bill were sought to be reviewed on certiorari, could not be compelled to return their action, and the bill presented to them for audit until the fees for making such return were paid. (*People ex rel. Sutliff* v. *The Board of Supervisors of Fulton County*, 64 Hun, 375.)

This case is in principle like the case at bar, and we think decisive of it. The order must be reversed, with ten dollars costs and printing disbursements.

PUTNAM and HERRICK, JJ., concurred.

Order reversed, with ten dollars costs and printing and other disbursements.