[S. F. No. 3368. In Bank.—May 3, 1904.]

THE I. X. L. LIME COMPANY, and MOSES CERF, Petitioners, v. SUPERIOR COURT OF SANTA CRUZ COUNTY et al., Respondents.

CERTIORARI—CERTIFICATION OF RECORD—COSTS—FEES OF CLERK.—An applicant for a writ of review from this court to the superior court and a judge thereof to compel the certification of a transcript of the record, in which it is claimed that the superior court has exceeded its jurisdiction, must pay to the clerk of that court the fees fixed by law for making and certifying the return to the writ; and the clerk cannot be required to perform that service without prepayment of the fees therefor.

APPLICATION for Process to compel certification of the record on writ of review directed to the Superior Court of Santa Cruz County. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

J. J. Burt, for Petitioners.

B. K. Knight, and Z. N. Goldsby, for Respondents.

ANGELLOTTI, J.—On the verified petition of the plaintiffs, alleging that the superior court of Santa Cruz County had, in an action pending therein, wherein these plaintiffs were defendants and one Henry Steen was plaintiff, exceeded its jurisdiction, and that there was no appeal or plain, speedy, or adequate remedy, a writ of review was issued by this court, directed to the said superior court and the judge thereof, commanding them, within twenty days after service of the writ, to certify to this court a transcript of the record and proceedings in the action aforesaid, in order that the same might be reviewed by this court.

The clerk of said court, the officer upon whom the duty of returning the transcript required is imposed by the law, has failed to make such return, but in response to the writ filed his affidavit, from which it appears that at the time of the service of the writ upon him he demanded certain fees, which, he claims, he was compelled by law to charge and collect for making and certifying such return, that said demand was refused, and that such fees have never been tendered or paid to him.

The judge of the court has also filed his affidavit, stating that he directed said clerk to comply with the provisions of said writ upon the prepayment to him of the fees provided by law for the making and certifying of the transcript of the record.

It is contended by plaintiffs that this is no answer to the writ, and that the defendant court, through its clerk, should be compelled to certify the record to this court without the payment of any fees or charges by plaintiffs to the clerk. An application for process compelling such certification is the matter now before this court.

The chapter of our Code of Civil Procedure relative to the

writ of *certiorari* or review (chap. I, title I, part III) is entirely silent as to the matter of costs. It is not to be doubted, however, and is not disputed, that the proceeding being a civil proceeding, the party seeking the writ must pay to the clerk of the court in which he institutes his proceedings the fees fixed by law for the services of such clerk in such proceeding. (Pol. Code, sec. 752; Stats. 1895, p. 267.) It is likewise clear that he must pay any fee fixed by law for the service of the writ when issued. Here, it is claimed by petitioners, their duty ends, and it is the duty of the person to whom the writ is directed to comply with the requirements thereof.

Our statute provides that the writ may be directed to the inferior tribunal, board, or officer, or to any other person having the custody of the record or proceeding to be certified, and must command such party to certify fully to the court issuing the writ a transcript of the record and proceedings. It further provides that when the writ is directed to a tribunal, the clerk, if there be one, must return the writ with the transcript required. (Code Civ. Proc., secs. 1070, 1071.)

The direction that the clerk must return the writ with the transcript required is explicit in terms and apparently without condition, but it is no more so than directions contained in various other statutory provisions relating to the duties of the clerk and other public officers.

The legislature has seen fit to provide that for many services rendered by public officials certain fees shall be charged and collected by the officers, as a condition precedent to the performance thereof, which fees are usually, under the system now in operation in this state, the property of the state or county, and must be paid into the public treasury.

The County Government Act now in force provides that "The officers mentioned in this act are not in any case, except for the state or county, to perform any official services, unless upon the prepayment of fees prescribed for such services, except in cases on *habeas corpus* and for naturalization, and on such payment the officer must perform the services required." (County Government Act, sec. 222; Stats. 1897, p. 574.) Section 227 of the same act provides that no fee or compensation must be charged for services in proceedings upon *habeas corpus* or naturalization, for administering or certifying the

oath of office, in affidavits or applications relating to the securing of a pension or payment of a pension voucher, or filing or swearing to any claim or demand against any county in the state. No other exception is made by this statute.

The act further provides that all salaried officers of the county shall charge and collect for the use of their respective counties, and pay into the county treasury on the first Monday in each month, the fees allowed by law less such portion as they may be allowed by the law to retain (sec. 216), and that no warrant for the salary of any officer shall be drawn until such officer has made the settlement required by the law. (Sec. 221.)

The county clerk, who is *ex officio* the clerk of the superior court, is one of the salaried officers provided for and mentioned in the act, and is in the matter of fees to be charged for official services governed by the provisions thereof. Unless it be clear from the language of an existing statute prescribing some particular service to be performed by him, that no fee shall be charged therefor, and the service required by such statute is one for which, by the statutes relating to fees, a fee is fixed, the peremptory language of the statute prescribing a service or duty is of no avail, in the absence of a payment or tender of the legal fee prescribed. Where a fee is required by the law to be prepaid for any official service, any order or writ of any court requiring or necessitating the service must be deemed to have been made or issued upon the condition that such fee will be paid or tendered by the party requiring the service, and such payment or tender is, unless waived by the officer, a condition precedent to the performance of the service.

The statute relating to fees provides that the county clerk shall charge and collect for any copy made by him of any record, proceeding, or paper on file in the office of the clerk relating to any civil action pending in the superior court, ten cents per folio, and for each certificate, under the seal of the court, twenty-five cents. It further provides that for examining and certifying to a copy of any paper, record, or proceeding prepared by another, and presented for his certificate, fifty cents, and one cent per folio for comparing said copy with the original shall be charged. (Stats. 1895, pp. 267, 268.)

There can be no doubt that the furnishing of a certified transcript of the record in his office of an action that was instituted or prosecuted in the superior court of which he is *ex officio* clerk is included in these provisions, and that, unless the writ of review requiring the record to be certified takes the case from the operation of the laws relative to fees, he is not only entitled, but is required by express provision of law, to insist upon the payment of the specified fees as a condition precedent to the performance of the service.

We see nothing in our statutory provisions relating to the special proceeding of *certiorari* to indicate any intent on the part of the legislature that official fees for services performed therein should be dispensed with, or that the party invoking the remedy shall be exempted from the payment of the fees established for such services as must be performed, in order that the record to be reviewed at his instance may be placed before the reviewing tribunal.

The special proceeding is given simply for the purpose of enabling one who complains that an inferior tribunal exercising judicial functions has exceeded its jurisdiction, to have that question determined, where there is no other plain, speedy, and adequate remedy by appeal or otherwise. If the remedy of appeal furnishes a plain, speedy, and adequate remedy for the determination of the question of jurisdiction, the party must resort to that remedy, and must bring his record to the appellate court at his own expense, paying all fees for official services involved therein.

Where there is no other plain, speedy, and adequate remedy, he can have the action of the inferior tribunal reviewed by *certiorari*. He, however, is the only person interested in having it so reviewed, and it should be as much his duty to furnish the record to be reviewed as it is the duty of the appellant upon the ordinary appeal.

*Certiorari* is simply an additional method of reviewing the action of an inferior tribunal at the instance of an aggrieved party, and the state or county, except when a party to the proceedings which it is sought to have reviewed, has no interest therein. No reason is apparent why the charges imposed by the state for the services of state and county officers, rendered for the benefit of private parties, should be waived in such a proceeding, and we find nothing in the statute to indicate any such intention.

The authorities recognize that although it is the duty of the officers to whom the writ is directed to prepare their return, and although they may be compelled summarily to make a return, yet it is incumbent upon the prosecutor of the writ, rather than the party adverse to him, to see that the return is made, to invoke the aid of the court to compel compliance with the mandate of the writ, and to use due diligence in having a complete record made out, and that his proceeding will be dismissed if he fails to use diligence in the prosecution thereof. (4 Ency. of Plead. & Prac. 213; *Derton* v. *Boyd,* 21 Ark. 264; *Bannister* v. *Allen,* 1 Blackf. 414; *Dean* v. *Wade,* 5 N. J. L. 826 (*719); *State* v. *Trenton,* 36 N. J. L. 499.)

Where, under this statute, the officer is entitled to fees for making a return, it has been held that he cannot be compelled to make return until such fees have been paid or tendered. (*People* v. *Springfield Tp.* 13 Mich. 246; *People* v. *Ouderkirk,* 76 Hun, 119; *People* v. *Supervisors of Fulton County,* 64 Hun, 375; 6 Cyc. Law & Proc., 809; *State* v. *Sachs,* 3 Wash. 496.) In some of these cases, it is true that the statute relating to the return of the officer was explicit and clear as to the matter of fees, but we are satisfied that our general statutes as to fees are sufficiently comprehensive to include proceedings of this character.

If the fees fixed by law for the furnishing of the record by the clerk must be paid or tendered before the clerk can be compelled to perform that service, of which we are satisfied, it must devolve on the party prosecuting the proceeding to pay or tender them, for it is for him to do everything that is necessary to produce the record that he desires reviewed.

It cannot be held to have been intended that the judicial tribunal whose act is assailed by the proceeding in *certiorari,* and which has no interest in the matter in which it has simply acted in a judicial capacity, should pay such fees, and the writ is not directed to the real parties in interest. The office of the writ, then, is simply to require the record to be certified to the reviewing court by the proper officer, upon the payment or tender to him of such fees as may be allowed by law therefor, if any, and, where it so provides, to restrain, pending final disposition of the matter, further proceedings in the matter to be reviewed.

Whether the party prosecuting the proceeding can, in the event that he finally prevails, recover his costs, and, if so, from whom they may be recovered, are questions not involved in the matter now before the court. We simply hold here that an officer required by a writ of review to make and certify a transcript of a record, cannot be required to do so, if such making and certifying involve the performance by him of services for which he is required by law to charge and collect a fee, unless such fee be paid or tendered; and that the burden rests upon the party seeking the review to pay such legal fees as must be paid in order to obtain the record for the reviewing tribunal.

The answer of the clerk in this case shows that the petitioners have refused, on demand made, to pay any fee for the transcript of the record, and expresses his willingness and readiness to make and certify the same upon the payment of the fees provided by law. This, in our opinion, is a complete answer to the writ.

The application of petitioners for process compelling the making and certification of such record without the payment of the legal fees of the clerk is denied.

McFarland, J., Shaw, J., Lorigan, J., Van Dyke, J., and Beatty, C. J., concurred.