[S. F. No. 3787.    In Bank.—July 28, 1904.]

## F. M. WARREN, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, and THOMAS F. GRAHAM, Judge, Respondents.

CERTIORARI—DUTY OF PETITIONER TO PRESENT TRANSCRIPT—DILIGENCE—MOTION TO DISMISS.—Upon a writ of *certiorari* it is the duty of the petitioner to see that a proper transcript of the record is presented to this court, and to pay the required fees therefor, and to use proper diligence to that end; but it is held, under the peculiar circumstances of this case, that a motion to dismiss the writ for lack of diligence should be denied.

MOTION to dismiss a Writ of Certiorari from this court to the Superior Court of the City and County of San Francisco. Thomas F. Graham, Judge.

The cause came into the superior court upon appeal from a judgment of the justice's court in the case of F. H. Warren *v.* James Patrick McGowan,—J. E. Barry, J. P.   The writ of review was sought for on the ground that the superior court had no jurisdiction to sustain a motion to set aside its judgment more than six months after its rendition upon appeal. Further facts are stated in the opinion of the court, as respects the motion to dismiss the writ of review for lack of diligence.

Rigby & Rigby, and Waldemar J. Tuska, for Petitioner.

Eugene D. Sullivan, and Thomas P. Boyd, for Respondents.

ANGELLOTTI, J.—This is a motion to dismiss a writ of *certiorari* heretofore issued from this court, on the ground that the petitioner has not prosecuted the same with reasonable or any diligence.

The writ was issued on the eighth day of December, 1903, and commanded respondent to certify and send to this court a transcript of the record and proceedings in a certain cause pending in the superior court of the city and county of San Francisco.   It was served upon the judge of said court on the ninth day of December, 1903.   At the time of the giving of the notice of this motion, April 21, 1904, and at the time of the hearing of said motion, May 2, 1904, no return had been

made to said writ, and it appears that no request had been made by petitioner of the clerk of said court that he make any return, and that no step had been taken to enforce the making and forwarding of the same. The position of petitioner, as shown by his argument on the hearing of this motion, was, that the writ having been served upon the respondent, he, petitioner, had no further duty to perform in the matter of procuring the certification of the record to this court.

Since the hearing of this motion, this court has decided, in the case of *The I X L Lime Co.* v. *Superior Court,* 143 Cal. 170, that it is incumbent upon the prosecutor of a writ of *certiorari,* rather than the party adverse to him, to see that the return is made, to use due diligence in having the same made, and to pay to the officer required to make the return any fees that may be provided by law for furnishing the copies of the papers and records and the making of the certificate. It was further stated in the opinion in that case that the authorities are to the effect that such a proceeding should be dismissed if the petitioner fails to use diligence in the prosecution thereof.

Following the views expressed in that opinion, petitioner has, since the submission of this motion, caused to be filed in this court a certified transcript of the record of the superior court.

As prior to the decision above cited the question as to the proper practice in the matter of procuring the certification of the record on *certiorari* was an open one, concerning which there was apparently much difference of opinion, and as there is nothing to indicate that petitioner is not prosecuting this proceeding in good faith, and as he promptly conformed to the views of this court as expressed in such decision by causing the record to be certified and filed herein, we are not disposed to hold that he has been guilty of such negligence as should preclude his being heard on the merits of his application.

The motion to dismiss the writ is denied.

Van Dyke, J., Shaw, J., McFarland, J., Lorigan, J., Henshaw, J., and Beatty, C. J., concurred.