[No. 2370]

## J. B. DIXON, PETITIONER, v. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, RESPONDENT.

[183 Pac. 312]

1. CERTIORARI—DILIGENCE IN PROCURING RECORD.

Though Rev. Laws, 5686, requires clerk of court to return transcript with writ of certiorari where writ is directed to the court, prosecutor of writ is required to use due diligence in having complete record made out, and on his failure so to do proceedings will be dismissed.

2. CERTIORARI—DILIGENCE OF PETITIONER—DISMISSAL OF PROCEEDINGS.

In certiorari proceedings in supreme court against lower court, where clerk refused to annex transcript to writ because of petitioner's failure to pay fees, court will not dismiss proceedings on ground that petitioner failed to exercise due diligence in having record made out, where petitioner acted in good faith, believing that his duty ended upon issuance of writ, and that it was then the supreme court's duty to require lower court and clerk to return writ with transcript under Rev. Laws, 5686, 5687.

3. CERTIORARI—TRANSCRIPT—COSTS.

Clerk of court is not required under Rev. Laws, 5686, to annex transcript in returning writ of certiorari directed to the court, unless petitioner ·in serving writ upon clerk pays the fees prescribed by law for the making of the transcript.

4. CERTIORARI—NATURE OF PROCEEDINGS.

Proceedings on certiorari are of appellate nature, though not pursued in ordinary and technical form of appeal.

ORIGINAL PROCEEDING in certiorari by J. B. Dixon against the Second Judicial District Court of the State of Nevada, in and for the County of Washoe. **Application denied.**

*J. B. Dixon* (in pro. per.), for Petitioner:

In certiorari there are no formal pleadings on the part of respondent. In some jurisdictions the respondent is termed the defendant. The return takes the place of an answer in the ordinary action, and is sometimes designated as such. 2 Spelling, Extr. Rem., sec. 2005.

When the writ is directed to a tribunal, the clerk shall return the writ with the transcript required. There is

no provision in the statute requiring the payment of fees of any kind to the clerk, or that he shall make return on the payment of his fees. Rev. Laws, 5686, 5687.

If the clerk is entitled to payment of fees in advance, he must make demand for some specific amount, and it must be the correct amount. A general demand for payment is not sufficient. People v. Board, 20 N. Y. Supp. 280. He may not refuse a return because his fees are not paid. Ex Parte Davies, 3 Q. B. 425, 3 L. C. 60. The court will compel a respondent to make a return. Talbot v. White, 1 Wis. 444; Pittman v. Haggins, 91 Ga. 107; McManus v. McDonough, 4 Ill. App. 180; People v. Brooklyn, 5 How. Pr. 314.

A return may be waived by the parties. By stipulation the record may be submitted with the same effect as though a return had been made. Muldoon v. Pawtucket, 22 R. I. 191; McKay v. Jones, 30 Ark. 148; Deans v. Wilcoxin, 18 Fla. 531; Cushwa v. Lamar, 45 W. Va. 326.

*Anthony M. Turano,* for Respondent:

The writ should be dismissed. Petitioner has failed to perfect his proceeding upon the writ. There is no transcript before the court, petitioner having failed, neglected and refused to pay the legal fees due and payable to the respondent court, or any fees whatsoever. Stats. 1917, p. 11; Rev. Laws, 1699.

By the Court, SANDERS, J.:

A writ of certiorari issued out of this court, directed to the Second judicial district court of the State of Nevada, in and for the county of Washoe, upon the verified petition, duly filed herein, of J. B. Dixon, the petitioner, commanding said district court to certify and annex to the said writ a transcript of the record and proceedings in that certain action therein pending, wherein Miller & Mashburn are plaintiffs, and J. B. Dixon is defendant, and to desist from further proceedings in said action until the further order of this court.

E. H. Beemer, the clerk of the respondent court, being the officer upon whom the law imposes the duty to return with the writ the transcript required (Rev. Laws, 5686) in response to the writ, filed his affidavit, from which it appears that at the time the petitioner served upon affiant the said writ he demanded of the petitioner certain fees prescribed by law for making the transcript; that the petitioner declined and refused to pay any fees, and for that reason alone the affiant states he did not return with the writ the transcript required. There is also appended to the writ the affidavit of Thomas F. Moran, judge of the respondent court, stating that he directed E. H. Beemer, the clerk of his court, to comply with the provisions of said writ upon the prepayment by the petitioner of the fees prescribed by law for making and certifying the transcript required. Thereafter, upon the application of the petitioner, supported by his affidavit setting forth the steps taken by him to have a full and complete return made to the writ, this court made an order, directed to the respondent court, to show cause, on a day certain, why the writ should not be returned as directed. The respondent has not complied with the order to show cause, but it appears that E. H. Beemer, clerk, on the day fixed for the return of the order to show cause, filed a supplemental affidavit, stating therein that the petitioner had refused, and continues to refuse to pay the fees which he, the said clerk, claims he was compelled by law to charge and collect for the performance of the service required. Prior to the issuance of the said show-cause order, the respondent and the plaintiffs in the action filed a motion to dismiss the writ, upon the ground that the petitioner had not used due diligence in having a transcript of the proceeding sought to be reviewed made out and returned with the writ.

1. The statute requires that, when a writ of certiorari is directed to a tribunal, the clerk, if there be one, shall return the writ with the transcript required. Rev. Laws, 5686. Such officer may be compelled summarily

to make a return, yet it is incumbent upon the prosecutor of the writ to use due diligence in having a complete record made out, and that his proceeding will be dismissed if he fails to use due diligence in the prosecution thereof. I. X. L. Lime Co. v. Superior Court, 143 Cal. 170, 76 Pac. 973.

2. We think the record shows satisfactorily that the petitioner in good faith was of the opinion that his duty ended when the writ issued, and that it then became a matter for this court to see that the respondent and the said clerk performed the express and unconditional duty enjoined upon them by the statute. Rev. Laws, 5686, 5687. We therefore decline to dismiss the writ upon the grounds stated in the motion.

On the other theory of the case, it is the contention of the petitioner that the affidavits annexed to the writ are no answer to the writ, and that the respondent court, through its clerk, should be compelled by an order of this court to make return of the writ as required by law without prepayment of the official fees or any charge demanded of him by the clerk for making the transcript required.

3. The frequency of applications to this court to hear and correct all sorts of grievances held against inferior courts in the trial of civil actions through the instrumentality of extraordinary writs has grown burdensome. We now are asked to declare that on certiorari official fees for necessary services to be performed in connection with the remedy are entirely dispensed with, from the fact that the statute is silent as to the matter of fees, and to hold that the party invoking the remedy is exempt from payment of fees for such services as must be performed in order that the record to be reviewed may be placed before the reviewing tribunal. We are of the opinion that a proceeding on certiorari occupies no different position in the system of remedies as provided by law in the matter of official fees from that of any other civil proceeding. Certiorari is designed for the benefit of the party or parties in interest in having the

record of the action reviewed. By invoking the remedy such persons seek to maintain a private right or privilege in which the state, the county, the people, or their officials have no interest. Our legislature has seen fit to provide for and to establish by general and special laws a system of fixed fees to be charged and collected by salaried officials for their services, and such officials are held accountable for their refusal or neglect to charge and collect such fees except where they are waived by statute. These fees are the property of the state, county or municipality, as the case may be, and must be paid into the public treasury. No reason is apparent why the charges imposed by law for the services of state and county officers, rendered for the benefit of private parties on certiorari, should be waived, or such party be exempt from their prepayment. Had such been the intention of the legislature, it should have been so expressed, and not left to favor. The fact that a court is the only real party respondent does not call for any different conclusion. Such court is not a party defendant to the writ, and is in no sense an adverse party to the action. It is not in accordance with our sense of "propriety or expediency" that a trial court acts under the peril of being charged with the prepayment of official fees if it errs in its judgment of the rules of law, and it would be unreasonable to say that to review an issue of law the party in interest is exempt from the payment of official fees because it is an issue of law that is to be reviewed.

4. Proceedings upon certiorari are of appellate nature, though not pursued in ordinary and technical form of appeal (Peacock v. Leonard, 8 Nev. 250), and no cogent reason is suggested why a different rule as to cost should be applied.

The question here presented has been considered in all its phases in the case of I. X. L. Lime Co. v. Superior Court, supra. As the statute in California with reference to writs of certiorari is the same as that of ours, and as the case cited was decided upon identically the same state of facts and the same question involved, we

adopt the reasoning of that decision and apply it to the case at bar. But the petitioner insists that case is not in point because of the proviso contained in section 2 of an act regulating the fees and compensation of the county clerk of Washoe County, wherein it is provided:

"That said clerk shall neither charge, nor collect any fees for services by him rendered to the State of Nevada or the county of Washoe, or any city or town within said * * * county, or any officer thereof, in his official capacity." Stats. 1917, c. 10.

It is argued that, as the respondent court is a part of the state government and also a part of the government of Washoe County, the services to be performed by the clerk are for the benefit of said county. There is nothing in this contention.

We hold that the affidavits annexed to the writ show a legitimate excuse for the noncompliance with the writ, and that the application of the petitioner for process compelling the making and certification of the transcript required without the payment of legal fees of the clerk must be denied.

It is so ordered.