In the Matter of the Application of CARLETON E. BREWSTER, SR., Appellant, for a Certiorari Order against SAMUEL J. WENDT, Chairman, and Others, Constituting the Board of Zoning Appeals of the Town of Islip, Respondents.

Second Department, May 10, 1935.

*Philip E. Barnard,* for the appellant.

*Robert H. Koehler,* for the respondents.

PER CURIAM. The petitioner instituted a certiorari proceeding to review the action of the respondents, constituting the board of zoning appeals of the town of Islip. When the order was served on the respondents on March 1, 1934, they declined to make the return until paid certain fees, whereupon the petitioner moved to have them adjudged in contempt. The learned justice at Special Term made an order denying the motion and directing the petitioner to pay " legal fees " in the sum of ten dollars and twenty-five cents as a condition precedent to the making of the return. From that order an appeal is taken.

In support of their contention that they are entitled to certain fees before making the return, the respondents rely on sections 1244 and 1298 of the Civil Practice Act, and on *People ex rel. Sutliff* v. *Supervisors* (64 Hun, 375) and *People ex rel. Dreicer* v. *Ouderkirk* (76 id. 119).

Neither section 1244 nor 1298 of the Civil Practice Act applies to a proceeding brought under the provisions of the Town Law, nor does section 1244 apply to a proceeding brought under the provisions of article 78 of the Civil Practice Act. *People ex rel. Sutliff* v. *Supervisors* (*supra*) and *People ex rel. Dreicer* v. *Ouderkirk* (*supra*) were decided under the former Code of Civil Procedure, and were based upon the provisions of section 2005 of that Code, which was then contained in the article relating to the provisions applicable generally to all State writs. When the Code was repealed and the Civil Practice Act enacted, section 2005 (*supra*) was transferred to article 77 of the Civil Practice Act as section 1244 of that act, which relates exclusively to writs of habeas corpus and of certiorari to inquire into the cause of detention. This, in our opinion, indicates an intention on the part of the Legislature to make the provisions of that section, relating to the payment of fees for making a return, applicable only to those writs and not generally to the orders substituted for the other State writs. Section 1298 of the Civil Practice Act (formerly section 2135 of the Code of Civil Procedure) requires the payment of certain fees to a judge or clerk as a condition for making a return, and has no application to a board or body whose determination is sought to be reviewed.

The order denying the petitioner's motion to adjudge the respondents in contempt should be reversed on the law, with ten dollars costs and disbursements, the motion granted, with ten dollars costs, and respondents fined twenty-five dollars. The respondents may purge themselves of the contempt by filing the return within twenty days from the entry of the order herein, in which event the fine will be remitted.

LAZANSKY, P. J., YOUNG, CARSWELL, DAVIS and JOHNSTON, JJ., concur.

Order denying petitioner's motion to adjudge respondents in contempt reversed on the law, with ten dollars costs and disbursements, motion granted, with ten dollars costs, and respondents fined twenty-five dollars. The respondents may purge themselves of the contempt by filing the return within twenty days from the entry of the order herein, in which event the fine will be remitted.