In the Matter of the Application of TIMOTHY J. SULLIVAN, Petitioner, for an Order of Certiorari against THE BOARD OF ESTIMATE AND APPORTIONMENT OF THE CITY OF NEW YORK, Defendant.

Supreme Court, New York County, July 7, 1937.

*Charles Belous*, for the petitioner.

*Henry J. Shields* [*Paul Windels, Corporation Counsel*, attorney; *Paxton Blair* of counsel], for the defendant.

VALENTE, J. Petitioner has brought a certiorari proceeding to review the determination of the board of estimate and apportionment of the city of New York denying the petitioner's application for disability retirement as a member of the New York City Employees' Retirement System. The application for retirement was made by the petitioner on the ground of disability which he claims was the result of injury during the course of his employment. The medical board of the City Employees' Retirement System denied his application on the ground that his disability was the result of a chronic ailment and not of an accidental injury in the city service or in the performance of duty. A return to the order of certiorari having been made, the petitioner makes this motion for an order directing the respondent to serve upon the petitioner a copy of the return in this proceeding filed with the clerk of the court on June 10, 1937, and, second, directing the respondent to file an additional return to include certain records connected with the petitioner's application for workmen's compensation.

That part of the application which directs the respondent to furnish petitioner with copies of a return must be denied unless petitioner will pay the expense of preparing the copies. The analogy drawn from the requirement that service of papers must be made upon a party or his attorney has no bearing here. It is true that the record in certiorari resembles in a sense a record upon an appeal, but the analogy is not entirely perfect. In one case the appellant prepares the record at his own expense and is reimbursed if he prevails upon an appeal. Here the respondent prepares the record. I will omit any reference to the question as to who must pay for the expense of preparing the papers to be filed upon the return because evidently the point was urged upon the original application. Nevertheless, respondent was ordered to file the return without the requirement of tender of fees. But now the petition goes one step further and demands copies of papers which respondent is quite willing to furnish provided the petitioner will pay for the expense of making them. In *People ex rel. Dreicer* v. *Ouderkirk* (76 Hun, 119) it is said that a tender or payment of fees for copies of papers required to be returned seems to be a condition precedent. No matter how liberally this view is construed in favor of the petitioner it would still seem that under section 1244 of the Civil Practice Act payment for copies to be furnished to the petitioner is a condition precedent. In Opinions of Attorney-General (1912, at p. 404) that officer, reviewing the authorities, expressed the opinion that copies of papers can be compelled by mandamus if the proper demand is made accompanied by the tender of the fees as provided by law.

The second part of the motion directs the respondent to file the record before the New York State Industrial Board in order to show that there was a causal relation between the accident for which compensation was allowed and petitioner's present condition. Petitioner also asks that an opinion of the law department of the city be made a part of the return; but the request with reference to the opinion must be denied, because it forms no part of the necessary record. Respondent also opposes the application to incorporate the proceedings before the State Industrial Board and all the records and communications with reference thereto. There does not seem to be any doubt that the medical board had the workmen's compensation record before it. It is possible that the decision of the State Industrial Board, rendered on June 13, 1935, could not be pleaded as *res judicata*, and to make this plea seems to be the purpose for requiring the filing of the record. On the other hand, it is for the Appellate Division to say what effect the prior determination of the State Industrial Board would have on the case and whether or not the case of *Slattery* v. *Board of Estimate & Apportionment* (271 N. Y. 347) has any application. The fact that by chapter 238 of the Laws of 1937 (amdg. Greater N. Y. Charter, § 1719) it is provided that " no decision of the State Industrial Board shall be binding * * * in the determination of eligibility of a claimant for accident disability, or an accidental death benefit," is irrelevant here. That statute did not go into effect until April 17, 1937, some time after the petitioner's claim accrued. The court is entitled to a full record in the case so as to determine the case on its merits, and it cannot pass upon the question of a decision of the State Industrial Board as *res adjudicata* unless it has the findings in that case before it. The motion is granted as indicated. Settle order.