LUTHER E. CLARK vs. ALEX. BUCHANAN and others.

In an application for a Writ of Mandamus against an inferior tribunal, Corporation or Board, under Sec. 4, Chap. 83, Rev. Stat. it is essential that the applicant show in the first instance that such tribunal, &c. exists, and that it is in their power, and their duty to do the act required to be done under the writ.

A Board of Canvassers having canvassed the votes cast at an election, by virtue of Sec. 33, page 50, R. S. adjourned *sine die*. *Held*, that the Board, by virtue of such adjournment, became dissolved, and *functus officio*. They have no right or power to re-convene and reconsider their action, or correct errors in their proceedings. Nor can this Court revive *its* powers or exercise legal control over it.

A Writ of Mandamus will not lie to compel an officer to do an act, which, without its command, it would not be lawful for him to do.

The original application and record in this cause having been removed from the files of the Clerk's office, we must rely upon the history of the case as given in the opinion of the Court, which is sufficient to enable us to understand the points upon which the decision is made.

*By the Court.*—ATWATER, J. The Defendants by way of answer to the complaint of the applicant in this case, set up various matters and allege among other things "that after the canvass made as stated in the petition herein, the Board of Canvassers organized as stated in said petition, adjourned *sine die*, and became dissolved, &c."

This statement must be taken as admitted by the applicant, and the question which is thereupon first suggested for the consideration of the Court, is whether a writ of mandamus can properly issue to the Defendants, or any of them, requiring performance of the act asked for in the petition or complaint.

*Section 4, Chap. 83, Rev. Stat.* provides that a writ of mandamus "may be issued to an inferior tribunal, corporation, board or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust or station," &c.

The complaint alleges in substance, that the Defendants acted as the Board of Canvassers for Ramsey County, at the October election in 1858, and states that they neglected and refused to abstract or notice the vote cast for the Plaintiff for the office of County Treasurer, &c. and prays that they may now

be required to abstract said votes, and the Clerk be required to issue his certificate of election to the office of County Treasurer—to the Plaintiff.

We think the complaint upon demurrer could not have been held good, as there is no allegation that the Board of County Canvassers was in existence at the time the complaint was framed, or that it was in their power to perform the act required. The complaint does not set forth a cause of action against the Defendants individually or personally, but attempts to do so in their official capacity as a "Board of Canvassers." It is essential therefore for the Plaintiff to show in the first instance that such a Board exists, for the act which he requires them to perform, must be performed if at all, in their official capacity as a Board of Canvassers, and not as individuals. And not only that, but it should state that it is in their power and their duty to do the act required: and by the Statute above quoted, and the case made by the complaint, the writ must issue, if at all, to the Board, or at least to the Defendants *as* a Board of County Canvassers requiring them to perform the act prayed for in their official capacity, as such Board of Canvassers. It is clearly necessary therefore for the Plaintiff to show affirmatively that such a Board exists; otherwise there can be no foundation for the issuing of the writ, whatever may be the grievances of which the Plaintiff may justly complain.

The Defendants in their answer have directly denied the existence of the Board, and claim that after the canvass of votes at the time stated in the complaint, the Board adjourned *sine die* and became dissolved.

Whether therefore by demurrer or answer, the question of the existence of the Board is properly before the Court, as a question of law only, as in this application all facts stated in the pleadings must be admitted, or else the case disposed of as provided in *Sec.* 13, *of Chap.* 83, *R. S.* It being admitted therefore that the Board adjourned *sine die*, at the time alleged in the answer, did it then become dissolved and *functus officio?* We think it did. *Sec.* 13, *p.* 50, *of Rev. Stat.* provides the time and manner in which the Board of Canvassers shall proceed to canvass the votes, and Section 44 of the same Chapter provides the penalty for corruptly violating the provisions of the

statute in regard to conducting elections. But if the Board of Canvassers do not perform the duties required of them by Sec. 33 within the time therein specified, there is no provision of Statute by which they are permitted to do it at a subsequent time. Much less is there to be found any provision whereby having once convened and discharged or partially discharged its duties and adjourned without day, the Board is authorized to re-convene and re-consider its action and supply omisions or correct errors in its proceedings. And indeed it is manifestly the intent of the law, that their duties shall be entirely completed at the time they first assemble without adjournment, except perhaps, in case of absolute necessity, for a brief space of time. But ordinarily even this would be unnecessary and improper. For it is made the duty of the Clerk of the Board of County Commissioners by the 33d Sec. "immediately to make out a certificate of election to each of the persons having the highest number of votes," &c. and by Sec. 35, page 51, it is made the duty of said Clerk immediately after making the abstracts of the votes given in his county, to make a copy of each of said abstracts and transmit it by mail to the Secretary of the Territory, at the seat of Government," &c. The whole scope and object of the Statute upon the subject manifestly contemplates the entire completion of the duties of the Board of Canvassers, not later than the twentieth day after the close of any election. And to permit or require them to do any act after that time, *as such Board* would be wholly unauthorized by law.

The Board is then *functus officio*, and the Court cannot now revive its powers, or exercise legal control over it. The act which the complaint asks to be performed must be performed if at all, *as a Board of Canvassers*, and not by them or any one of them as individuals.

For the making the abstract of the votes is to be performed by the Clerk, with the assistance of the two Justices, as required by Statute.

The giving the certificate to the party shown by the returns to be elected, is the individual duty of the Clerk.

And herein is the manifest distinction between the case at bar, and that of *O'Ferrall vs. Colby* and *Bryant vs. Colby*, ar-

gued the present term, and wherein this Court directed the writ to issue.

If the act required of the Defendants, be a duty incumbent on them to perform by law, it is manifest that they would have the right to perform it, were they so disposed, without the order of the Court.

At least it has been held that a writ of mandamus will not lie to compel an officer to do an act, which, without its command it would not be lawful for him to do. *Johnson vs. Lucas*, 11 *Hump.* 306; *State vs. The Judge*, 15 *Ala.* 740.

The admission of such a right on their part would involve the most serious and dangerous consequences. There would seem to be no limit as to time, or as to the number of times, that they might re-assemble, and review any real or fancied errors in their canvass of the votes, and in making the abstract. It is easy to perceive that such a course would be fraught with the most serious inconvenience and evils, and nothing save express statutory authority would justify it. And the statute has granted no such authority even by implication.

The authorities in analagous cases sustain the view here adopted. The case of *The People vs. Supervisors of Greene*, 12 *Barb.* 217, is directly in point. The same doctrine is held in *People vs. Munroe, O. & J.* 20 *Wen.* 108; *People vs. Super. of West.* 15 *Bar.* 607; *Colonial Life Assurance Co. vs. Sup.* 13 *How. Prac. Rep.* 305.

On this point indeed there seems to be no conflicting authorities, and the rule may be considered settled. And as for the reasons above stated, we consider that the Board of Canvassers in meeting and taking action to the extent which they did in making out the abstract of votes, and the adjourning *sine die*, had exhausted their power and authority over the subject matter, there is no ground on which the writ can issue.

This view of the case renders it unnecessary to consider the other points discussed on the argument.

The application must be dismissed.