[S. F. No. 3670. In Bank.—June 30, 1904.]

## J. E. BORCHARD, Petitioner, v. BOARD OF SUPERVISORS OF VENTURA COUNTY, Respondent.

WRIT OF REVIEW—ACTION OF SUPERVISORS—FORMATION OF MUNICIPAL CORPORATION — CONCLUSIVENESS OF RETURN — ATTACK BY AFFIDAVITS.—Under a writ of review to test the validity of the action of a board of supervisors resulting in the incorporation of a city, the return by the board showing the proceedings had before it imports absolute verity, and evidence *aliunde,* or the affidavits of the petitioner for the writ, will not be received to contradict the return.

ID.—LIMITS OF REVIEW.—The writ of review must be confined to the correction of an excess of jurisdiction in the exercise of judicial functions by the inferior tribunal or board, and may not be used to correct errors or irregularities within its jurisdiction, nor to review any purely legislative, executive, or ministerial act.

ID.—JURISDICTION OF SUPERVISORS—QUASI-JUDICIAL ACTION.—It may be conceded for the purposes of this case that the board of supervisors in determining that a proper petition for the organization

of a municipal corporation has been presented and supported by the required affidavit of resident electors, and that proper notice thereof has been published before its presentation, acts judicially or quasi-judicially, and that its determination upon these matters is subject to review.

ID.—SUFFICIENCY OF PETITION—STATEMENT OF NUMBER OF INHABITANTS. —The statement in the petition for the incorporation, that "more than five hundred and not to exceed three thousand persons reside within the proposed boundaries, . . . and that the number of inhabitants therein, according to the best knowledge, information, and belief of your petitioners, is about two thousand," sufficiently complies with the terms of the law requiring the number of inhabitants to be stated "as nearly as may be."

ID.—SUFFICIENCY OF AFFIDAVIT—QUALIFICATION OF SIGNERS OF PETITION —SUBSEQUENT FILING—PRESUMPTION—BURDEN OF PROOF.—Where the affidavit of three electors accompanying the petition was sufficient in form and substance to show that the requisite number of qualified electors had signed the petition at its date, the fact that the petition and affidavit were filed twenty days later does not affect the sufficiency of the affidavit; but it will be presumed, in the absence of a showing to the contrary, that the qualification of the signers continued to exist. The burden of proof is upon those opposing the incorporation to prove at the hearing that the number of qualified signers had been reduced by death or removal below the requisite number.

ID.—FINDINGS OF SUPERVISORS AT HEARING.—Where, upon the final hearing of the petition and affidavit, the supervisors found upon oral and documentary evidence adduced before them that the petition was sufficient as to all matters in question, these findings, being part of the record certified upon the return of the writ of review, may be resorted to in aid of the determination of the question as to the qualification of the signers of the petition.

ID.—AFFIDAVITS OF PUBLICATION—DEFECTS SUPPLIED—JURISDICTION OF BOARD.—Where the hearing was continued, and a sufficient affidavit of publication was filed at an adjourned session, any defects in the original affidavits filed with the petition and affidavit of electors do not go to the jurisdiction of the board to continue the hearing, and it is sufficient that a proper affidavit of publication was presented to it before reaching its final determination.

ID. — NON-JUDICIAL FUNCTIONS — BOUNDARIES — NOTICE OF ELECTION — CANVASS OF RETURNS—ERRORS NOT REVIEWABLE.—The power of the board to determine the boundaries of the district was legislative, the giving of the notice of election was non-judicial, and the canvass of the returns was a ministerial duty; and any errors or irregularities in either of them cannot be relieved against upon writ of review. *Held,* however, that the notice of election was sufficient in law.

WRIT OF REVIEW to the Board of Supervisors of the County of Ventura to review proceedings for the incorporation of the City of Oxnard.

The facts are stated in the opinion of the court.

T. O. Toland, M. J. Rogers, and Barnes & Selby, for Petitioner.

. The proceedings of the board of supervisors, in so far as they are quasi-judicial, are reviewable upon this writ. (4 Ency. of Pl. & Prac., p. 96; *People* v. *El Dorado County,* 8 Cal. 58; *People* v. *Marin County,* 10 Cal. 344; *Whitney* v. *Board of Delegates,* 14 Cal. 480; *Miller* v. *Sacramento County,* 25 Cal. 94; *Murray* v. *Mariposa County,* 23 Cal. 492; *Fall* v. *Paine,* 23 Cal. 302; *Robinson* v. *Sacramento County,* 16 Cal. 208; *Keys* y. *Marin County,* 42 Cal. 252; *Kimball* v. *Alameda County,* 46 Cal. 23; *Keena* v. *Board,* 89 Cal. 11; *Stumpf* v. *Board of Supervisors,* 131 Cal. 364.[1]) The presentation of a proper petition and affidavit of electors is essential to the jurisdiction of the supervisors under the Municipal Incorporation Act. (Stats. 1883, p. 94; *People* v. *Town of Linden,* 107 Cal. 94, 95.) The affidavit of publication was not sufficient, and perjury could not be assigned upon it. (Stats. 1889, p. 371; 1 Ency. of Pl. & Prac., p. 310; *Miller* v. *Munson,* 34 Wis. 579;[2] *State* v. *Henning,* 3 S. D. 492.) No proof of the posting or publication of the notice of election was presented to the supervisors before canvassing the votes. For the purpose of acquiring jurisdiction to canvass the votes, what was not proved did not exist. (*Stumpf* v. *Board of Supervisors,* 131 Cal. 364, 368.[1]) The notice of election was illegal and void, as changing the constitutional qualifications of electors. (*People* v. *Los Angeles,* 133 Cal. 338; *Russell* v. *McDowell,* 83 Cal. 77; *Tebbe* v. *Smith,* 108 Cal. 111;[3] *Spier* v. *Baker.* 120 Cal. 370, 374, 378.)

Blackstock & Orr, and J. W. Stewart, for Respondent.

The return of the supervisors is conclusive and cannot be contradicted. (*Los Angeles* v. *Young,* 118 Cal. 295, 298;[4] *People* v. *San Francisco Fire Dept.,* 14 Cal. 479; *Roe* v. *Su-*

---

[1] 82 Am. St. Rep. 350.       [3] 49 Am. St. Rep. 68.
[2] 17 Am. Rep. 461.       [4] 62 Am. St. Rep. 234.

*perior Court,* 60. Cal. 93.) None but quasi-judicial functions can be reviewed. (*Wulzen* v. *Board of Supervisors,* 101 Cal. 15;[1] *Johnson* v. *Glenn County,* 104 Cal. 390; *People* v. *Supervisors,* 122 Cal. 421; *Williams* v. *Supervisors,* 65 Cal. 160; *Bixler* v. *Supervisors,* 59 Cal. 698.)   The findings of the board are ample to support its jurisdiction, and these findings are to be considered upon the writ of review. (*Blair* v. *Hamilton,* 32 Cal. 49; *Lowe* v. *Alexander,* 15 Cal. 300; 4 Ency. of Pl. & Prac., p. 205.)   The petition was sufficient as to the names of inhabitants (*People* v. *City of Riverside,* 70 Cal. 461, 462), and the affidavit of electors (*People* v. *Town of Linden,* 107 Cal. 94, 98), the presumption being that the qualification of the signers continued to exist until the contrary appears (*Kidder* v. *Stevens,* 60 Cal. 414; *Windhaus* v. *Bootz,* 92 Cal. 617), and a sufficient affidavit of publication was made.   The fact of publication gave jurisdiction, and it was sufficient that it was proved at the hearing. (*Estate of Eikerenkotter,* 126 Cal. 54.)   The determination of boundaries was a political question for the legislative department, and is not subject to review here. (*People* v. *City of Riverside,* 70 Cal. 463.)   The canvassing board exercised merely ministerial powers, and the exercise of such powers cannot be reviewed upon *certiorari.* (*Calaveras County* v. *Brockway,* 30 Cal. 325; *Williams* v. *Supervisors,* 65 Cal. 160; *Bixler* v. *Board of Supervisors,* 59 Cal. 698; *Clark* v. *Buchanan,* 2 Minn. 346; McCrary on Elections, 4th ed., sec. 268; *People* v. *Walter,* 68 N. Y. 403; *People* v. *Queens County,* 1 Hill, 175; *People* v. *Van Slyck,* 4 Cow. 323.)

HENSHAW, J.—Petitioner sues out this writ of review to test the validity of the proceedings of the board of supervisors of Ventura County, resulting in the incorporation of the city of Oxnard.   The proceedings were had under the Municipal Incorporation Act of 1883.

The board of supervisors made return showing the proceedings had before them.   Petitioner has filed affidavits attacking the return so made, and asks us to consider these affidavits, and, in effect, amend the return. This we may not do. Where the jurisdiction of an inferior tribunal turns upon a disputed question of fact, and the evidence before that tri-

[1] 40 Am. St. Rep. 17, and note.

bunal is not made a part of the return, the court of review
may call upon the inferior tribunal to certify the evidence
upon which it acted (*Whitney* v. *San Francisco Fire Dept.*,
14 Cal. 478, 501; *Los Angeles* v. *Young,* 118 Cal. 295;[1] *In re
Madera District,* 92 Cal. 296;[2] *Stumpf* v. *Supervisors,* 131 Cal.
364[3]), and the findings of fact prepared by the inferior tri-
bunal and voluntarily sent with the record may be resorted
to when the proper disposition of the case renders their con-
sideration necessary. (*Blair* v. *Hamilton,* 32 Cal. 49; *Lowe*
v. *Alexander,* 15 Cal. 300; 4 Ency. of Pl. & Prac., p. 265.)
But this is the limit to which the court will go under this
writ. The record returned imports absolute verity, and evi-
dence *aliunde* will not be received to contradict it. (*De Pe-
drorena* v. *Superior Court,* 80 Cal. 144; *In re Grove Street,*
61 Cal. 443; *Ex parte Sternes,* 77 Cal. 156;[4] *Roe* v. *Superior
Court,* 60 Cal. 93; *Hoffman* v. *Superior Court,* 79 Cal. 475;
*Sayers* v. *Superior Court,* 84 Cal. 642; *Deer* v. *Highway
Commrs.,* 109 Ill. 319; *Rutland* v. *Worcester,* 20 Pick. 71;
*Mendon* v. *Worcester Commrs.,* 5 Allen, 13; Spelling on Ex-
traordinary Relief, sec. 2021.)

It is too well settled to require the citation of authorities
that the writ of review runs to inferior tribunals, boards, or
officers exercising judicial functions solely to correct errors
in excess of jurisdiction, or, in other words, to confine such
tribunals and officers, exercising judicial functions, to their
proper jurisdiction. It may not be used to correct errors or
irregularities within the jurisdiction of the inferior tribunal,
nor will it ever lie to review a purely legislative or executive
act. (*Farmers and Merchants' Bank* v. *Board of Equaliza-
tion,* 97 Cal. 318; *White* v. *Superior Court,* 110 Cal. 60;
*Quinchard* v. *Trustees of Alameda,* 113 Cal. 664.)

Under section 2 of the Municipal Incorporation Act of
1883, as amended March 19, 1889, (Stats. of 1889, p. 371,)
the jurisdiction of the board of supervisors is obtained by fil-
ing a proper petition, therein mentioned, together with the
affidavit of three qualified electors residing within the limits
of the proposed corporation, as *prima facie* evidence of the
requisite number of *bona fide* signers to the petition, and
the publication of such petition for at least two weeks before

---

[1] 62 Am. St. Rep. 234.                [3] 82 Am. St. Rep. 350.

[2] 27 Am. St. Rep. 106.                [4] 11 Am. St. Rep. 251.

the time at which it is presented, in some newspaper printed and published in such county, with a notice stating the time of meeting of the board at which the petition will be presented. It may be conceded, but only for the purposes of this case, that the board of supervisors, in determining that a proper petition has been so presented, supported by a proper affidavit that notice was published, acts judicially, or at least quasi-judicially, and that its determination upon these matters is therefore subject to review. (*People* v. *Town of Linden,* 107 Cal. 94.)

Objection is made to the petition presented to the board of supervisors.

1. That the number of inhabitants residing within the boundaries of the proposed corporation was not stated "as nearly as may be," and in this regard it is said that no facts are given as a basis for the number stated, no census seems to have been taken, and that the petition in terms says that "more than 500 and not to exceed 3,000 persons reside within the proposed boundaries, herein above particularly described. . . . And that the number of inhabitants therein, according to the best knowledge, information and belief of your petitioners, is 2,000." It is argued that the clause "as nearly as the same can be stated by your petitioners" is not a compliance with the terms of the law, which requires the number to be stated "as nearly as may be." But as the law contemplates that the petitioners are the ones who shall state the population "as nearly as may be," and when they have stated it as nearly as it "can be stated by them," they would seem to have strictly complied with the law. Indeed, the declaration in this regard is much more definite than that in *People* v. *City of Riverside,* 70 Cal. 461, where this court declared that stating the number of inhabitants to be "about 3,000" sufficiently conformed to the requirement of the act.

2. Objection is made to the sufficiency of the affidavit of the three electors. In this the sufficiency of the affidavit as to form and substance is not disputed, but it is urged that, as the affidavit was dated upon March 13, 1903, and filed with the petition upon April 7th following, it does not comply with the requirements of the Municipal Incorporation Act, because it only establishes the conditions existing upon March 13th. It is shown, however, by the affidavit that seventy-six

electors residing within the proposed corporation had signed the petition on the 13th of March, and the presumption is that the state of facts thus shown to exist continued. It was incumbent upon the opponents of incorporation to have made proof upon the hearing that, by death or departure from the district, the number had been reduced below that requisite under the law. (*Kidder* v. *Stevens,* 60 Cal. 414; *Windhaus·* v. *Bootz,* 92 Cal. 617.) Moreover, while the petition was presented upon April 7th, the board of supervisors continued the hearing of all matters connected with it from time to time until the sixteenth day of May, when, as the record shows, in regular session it "proceeded to the further hearing of said petition, and took evidence oral and documentary upon the allegations thereof, and also heard the protests and objections of various and sundry persons interested therein objecting to the proposed boundaries and limits of said proposed corpora· tion. . . . From which evidence and hearing it appears to the satisfaction of the board, and it does hereby find and determine the following." Then follow findings upholding the sufficiency of the petition as to all matters here questioned. These findings, being a part of the record certified to us, may be resorted to in aid of the determination of the question. (*Blair* v. *Hamilton,* 32 Cal. 49; *Lowe* v. *Alexander,* 15 Cal. 300; 4 Ency. of Pl. & Prac., p. 265.)

3. It is said, however, that the affidavit of publication, filed April 7th with the petition, and with the affidavit of the three electors, was insufficient, and that the board of supervisors, therefore, had no jurisdiction to continue the matter for hearing and determination, as they did. As has been stated, they continued the consideration and hearing till May 7th, then again till May 9th, and then again until May 16th, for the purpose of taking evidence and hearing objections to the proposed incorporation. Upon May 7th the affidavit of publication in the Oxnard Courier was filed, and this affidavit in all respects complies with the law. Certain defects are alleged to exist as to the earlier affidavits of publication, which, it is contended, render them insufficient in law. However this may be, when the supervisors finally came to act, and when for the first time they reached their determination upon the matter, an affidavit sufficient in all respects was filed in proof of the publication of notice required by the Municipal Incor-

poration Act. The supervisors unquestionably had the power to continue their sittings from time to time, even if it be conceded that their jurisdiction to determine was not complete until a sufficient affidavit of publication had been presented to them. Indeed, it would have been in strict accord with legal propriety and procedure, if question had arisen as to the sufficiency of this affidavit, to continue their hearing, in order to be the better advised upon the matter, or in order, if such were the fact, that additional evidence by way of a proper affidavit should be presented to them before reaching their final determination.

4. We have now considered all the questions arising in this proceeding which by the utmost liberality can be said to be properly before us under this writ of review. In all other matters the action of the supervisors is either legislative, ministerial, or executive, and whatever may be the errors committed by them in their disposition of such matters those errors are not reviewable under this writ. Thus their power to determine the boundaries is legislative. (*Vernon* v. *Board of Supervisors,* 142 Cal. 513.) In canvassing the returns and in announcing the result their duties were ministerial. (*Calaveras County* v. *Brockway,* 30 Cal. 321; *People* v. *Walters,* 68 N. Y. 403; *Clark* v. *Buchanan,* 2 Minn. 346; McCrary on Elections, sec. 268.) The law under which they were operating from the moment when they determined upon the sufficiency of the petition presented to them and established boundaries was mandatory purely, and vested them with no discretion whatsoever. The board "shall" give notice of the election; "shall" proceed to canvass the votes cast; "shall" declare such territory duly incorporated; and "shall" cause a copy of their order so declaring, duly certified, to be filed in the office of the secretary of state. Therefore, even if the board in the doing of these things should have been guilty of such irregularities and misconduct as to vitiate the election, no relief could be granted in this proceeding. In *Stumpf* v. *Board of Supervisors,* 131 Cal. 364,[1] it is said that the statute authorizing the formation of sanitary districts requires that the order or proclamation calling an election "shall be posted for four successive weeks prior to the election in three public places within the proposed district, and shall be published,"

[1] 82 Am. St. Rep. 350.

CXLIV. Cal.—2

etc. The opinion declares, "Without such posting the election was void, and the subsequent declaration of the board of supervisors to the effect that the Templeton Sanitary District was duly organized is a nullity." This is said in proceeding under a writ of review, and while the declaration is true in point of law, the purview of the writ was unduly extended when it was announced in that proceeding. We have already pointed out that the action of the supervisors in canvassing the returns and declaring the result was ministerial purely, and by no extension of the rule or stretch of reasoning can it be said that the issuance of an election proclamation or notice is a judicial act. But as in this particular case it may be of benefit to dispose of the question of the sufficiency of the election notice, it may be said that the act calls for a notice either by publication or by posting. From excess of caution the supervisors required both. But as the law itself does not require both, if either the publication or the posting was sufficient, the notice itself was sufficient. That the publication was in fact sufficient fully appears from the return here made, showing, first, the order of the supervisors that notice be published in the form prescribed, for at least two weeks prior to such election in the Oxnard Courier, "which is a weekly newspaper of general circulation, printed, published, and circulated within said proposed boundaries, as the same are established and defined by this board of supervisors." Following this, upon the twenty-third day of June, is the affidavit of the printer and publisher of the Oxnard Courier, sufficient in form and substance, showing the required publication, which affidavit was filed upon the twenty-sixth day of June, before the time when the board of supervisors proceeded to canvass the returns.

It appearing from the foregoing that the proceedings of the board of supervisors had in the above-entitled matter were within their jurisdiction, the writ is discharged.

McFarland, J., Shaw, J., Angellotti, J., Van Dyke, J., and Lorigan, J., concurred.