[Civ. No. 363. Second Appellate District.—July 8, 1907.]

E. C. EDDY, Respondent, v. F. T. HOUGHTON and MER-
CED SECURITY SAVINGS BANK, Appellants, and
TENNESSEE-CALIFORNIA GOLD MINING COM-
PANY, Respondent.

CHANGE OF VENUE—CAUSE OF ACTION—AFFIDAVIT—ANSWER—RESI-
DENCE.—Upon an application for a change of the venue, in deter-
mining the cause of action, the complaint alone is to be considered;
and an affidavit of the personal defendant and an answer of the
mining company defendant cannot be looked to on that question,
and can only be considered on the question of residence.

ID.—CAUSE OF ACTION TO COMPEL BANK TO DELIVER PLEDGED STOCK—
ACTION NOT INVOLVING REAL ESTATE—QUESTION OF RESIDENCE.—
Where the only cause of action attempted to be stated is to com-
pel the defendant savings bank to deliver to plaintiff shares of
stock in defendant mining company pledged to the bank as pledge-
holder for the personal defendant as pledgee, it involves no ques-
tion as to real estate, and the only question is one of residence.

ID.—PROBATIVE FACTS ANTICIPATING DEFENSE.—Any probative facts
stated in the complaint anticipating the reason for the refusal by
the savings bank to deliver the pledged stock to the plaintiff is
no part of the cause of action, and cannot be considered upon the
motion to change the venue.

ID.—CAUSE OF ACTION NOT STATED AGAINST MINING COMPANY—IM-
PROPER PARTY.—Where the complaint states no cause of action

against the defendant mining company, it is neither a necessary nor a proper party, and its opposition to the change of venue cannot be considered.

Id.—Action in Wrong County—Change of Venue to Residence of Personal Defendant—Consent of Savings Bank.—Where the action was improperly brought at the principal place of business of the defendant mining company, although neither of the corporations defendant were entitled as of right under section 16 of article XII of the constitution to have the action removed on account of its place of residence, yet, where the personal defendant applied for a change of venue to the place of his residence, and the savings bank, which was the only other proper party defendant, consented to his application, it was properly granted, where there was a sufficient showing of merits.

Id.—Affidavit of Merits—Sufficiency.—An affidavit of merits, presented by the moving party, stating that "he has fully and fairly stated the case" to his counsel, which is sufficient in other respects, is not insufficient because it did not use the words "has fully and fairly stated *the facts of* the case" to his counsel. There is no essential difference between these statements.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion for change of venue. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

J. S. Larew, and R. B. Stolder, for Appellants.

Charles S. McKelvey, for Plaintiff-Respondent.

Hugh T. Gordon, for Tennessee-California Gold Mining Company, Respondent.

TAGGART, J.—Appeal from an order denying motion for change of venue.

The action was begun in Los Angeles county, and the application for change of place of trial was made by the defendants F. T. Houghton and Merced Security Savings Bank. It was based upon the grounds that the cause of action related to a controversy over real property situated in the county of Mariposa, and the real defendant and party in interest (Houghton) was a resident of Mariposa county. Two demands for a change appear in the record, one by the defendant Merced Security Savings Bank, and the other by the defend-

ant Houghton, and the latter files an affidavit setting out that he is the only real party in interest as defendant in said action, and that all the other persons named as defendants are mere nominal parties. The defendant Tennessee-California Gold Mining Company, which joins the plaintiff in resisting the motion, files a verified answer presenting its interest in the subject matter of the action brought by plaintiff.

In determining the cause of action to be tried neither the affidavit nor the answer can be looked to. The effect of the complaint in this respect cannot be varied by either. Only as affecting the question of residence will they be considered. (*Quint* v. *Dimond,* 125 Cal. 572, [67 Pac. 1034].)

The only cause of action attempted to be stated in favor of plaintiff is one against the defendants Merced Security Savings Bank and Houghton, and is to compel the bank to deliver to plaintiff certain shares of stock of the defendant corporation, Tennessee-California Gold Mining Company, in which Houghton is interested.

The relations of the parties to the transactions involved in the action, as disclosed by the complaint, are: The plaintiff and defendant Guenther were pledgors of the shares of stock, the bank, the pledge-holder and the defendant Houghton, the pledgee. There is no real property involved in the said cause of action attempted to be stated in favor of plaintiff. The extensive allegations of probative facts anticipating the bank's reason for refusing to deliver the stock constitute no part of the statement of a cause of action which the court can consider on this motion.

Neither of the corporation defendants has an absolute right under the constitutional provision (sec. 16, art. XII) to have the action removed on account of its place of residence. (*Trezevant* v. *Strong Co.,* 102 Cal. 49, [36 Pac. 395].) The principal place of business of the Tennessee-California Gold Mining Company is stated in the complaint to be at Los Angeles, California, but the complaint states no cause of action in favor of plaintiff to which that corporation is a proper or necessary defendant. The defendant Guenther passed out of consideration by the stipulation of the parties in open court. This leaves but the two moving defendants to be considered. The bank is a resident of Merced county, but its demand for change is to Mariposa county, and may be considered as a consent to the granting of the motion of the defendant

Houghton, whose demand on the ground of his place of residence is for a change to Mariposa county. The mining company being neither a necessary nor proper party to the determination of the cause of action therein stated in favor of plaintiff, the defendant Houghton's motion should have been granted, if there was a sufficient showing on the merits. (*McKenzie* v. *Barling,* 101 Cal. 459, [36 Pac. 8].) We think there was.

The contention of respondent that the affidavit of merits made by the moving party is insufficient cannot be sustained. The affidavit is substantially the same as the one held good in *McSherry* v. *Pennsylvania Co.,* 97 Cal. 642, [32 Pac. 711], except that in the case cited the affiant avers that he "has fully and fairly stated *the facts* of the case" to his counsel, while in the case at bar the statement is that he "has fully and fairly stated the case" to his counsel. There is no essential difference between these statements. (*Rathgeb* v. *Tiscornia,* 66 Cal. 96, [4 Pac. 987].)

The order appealed from is reversed.

Allen, P. J., and Shaw, J., concurred.