[Civ. No. 2206. First Appellate District, Division One.—January 7, 1919.]

LOUIS JAMES, Respondent, v. THE POLICE COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

CERTIORARI—WRIT OF REVIEW—INTEREST OF APPLICANT.—Under section 1069 of the Code of Civil Procedure, providing that an application for a writ of review must be made on the verified petition of the "party beneficially interested," where the application is made by a private party, his interest must be of a nature which is distinguishable from that of the mass of the community.

ID.—GOODS STORED IN WAREHOUSE—SEIZURE UNDER SEARCH-WARRANT—PRESIDENT OF WAREHOUSE COMPANY — LACK OF BENEFICIAL INTEREST.—The president of a warehouse company is not a party beneficially interested, within the purview of said section 1069 of the Code of Civil Procedure, so as to entitle him to become an applicant for a writ to review the proceedings of a police court by which goods of a third party, stored in the warehouse of the company, were seized under a search-warrant issued out of said police court.

ID.—DEFECTIVE RETURN — STRIKING ANSWER FROM FILES.—Where in answer to a writ of review issued out of a superior court and directed to a judge of a police court, requiring him to certify a transcript of the record in certain search-warrant proceedings, no such return was made, but the judge of the police court appeared by verified answer in the action for the writ, setting out in narrative form the history of the case, and alleging that "no further proceedings have been had in said police court other than as set forth in the petition for a writ of review," such purported answer did not constitute a return to the writ, and the superior court properly struck the answer from the files.

ID.—LACK OF JURISDICTION IN SUPERIOR COURT.—The superior court, in such case, acted in excess of its jurisdiction in proceeding under the writ of review with no record before it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Reversed.

The facts are stated in the opinion of the court.

John F. Davis and W. S. Andrews for Appellants.

Louis Bartlett for Respondent.

WASTE, P. J.—This is an appeal from the judgment in a special proceeding for a writ of review. The lower court held that the defendant acted in excess of jurisdiction in issuing a search-warrant, refused to quash the writ, and directed the return to plaintiff of the property seized.

Plaintiff and respondent was president of the Broadway United States Bonded Warehouse, in San Francisco, and manager thereof for the Danforth Warehouse Company, a corporation, the owner. There were in storage in this warehouse three cases of opium, in the original packages, the tins containing the opium, having been stamped, replaced in the cases, and sealed by United States customs officers. This opium, so far as the record discloses, was owned by Look Tin Eli, who had purchased it from the original consignee, and who paid the duty on the same.

On the 9th of April, 1912, defendant Oppenheim, as police judge of the city and county of San Francisco, issued a search-warrant under which F. A. Sutherland, a deputy sheriff, and a detail of police officers took and removed said opium from the warehouse and deposited it with the property clerk of the police department. Plaintiff James moved the police court for an order for the restoration to himself of the property so seized, which motion was denied. Thereupon he brought the action for a writ of review.

One point made by appellant is that James was not a "party beneficially interested" within the purview of section 1069 of the Code of Civil Procedure. "The requirement that the application must be made by 'the party beneficially interested' has been construed to mean 'that in an application made by a private party his interest must be of a nature which is distinguishable from that of the mass of the community.'" (*Ashe* v. *Board of Supervisors,* 71 Cal. 238, [16 Pac. 783].) We are not willing to hold that James in an individual capacity comes within even the broad scope of the cases cited. Personally he was in no way beneficially interested.

The writ was directed to the defendant Oppenheim, judge of the police court, requiring him to certify a transcript of the record in the search-warrant proceedings. No such return

was ever made. Instead, so far as the record in the bill of exceptions shows, the only return was a copy of the petition for writ of review filed in the *superior court* to which were attached certain exhibits, followed by a copy of the writ itself, the whole being attested by the clerk of the superior court, as being a "full, true and correct copy of the original record in the" superior court action for the writ of review.

The exhibits attached are copies of (1) the motion for an order directing the property clerk to return the property to the defendant (in the search-warrant proceedings) ; (2) affidavit of Louis James for such return; (3) purported affidavit of F. A. Sutherland for search-warrant which does not appear to have been sworn to before anyone; (4) the search-warrant; (5) order of the police judge denying the motion to quash the warrant and seeking return of the property seized. There is nothing to show that these exhibits are correct copies of the documents on file in the *police court* in the search-warrant proceedings.

The judge of the police court appeared by verified answer in the action for the writ, setting out in narrative form the history of the case and alleging "that no further proceedings have been had in said police court, other than as set forth in the petition for a writ of review." The court below, on motion of plaintiff, struck the answer from the files, one of the grounds of motion being that the purported answer did not constitute a return to the writ. In this the court was right.

It thus appears that the superior court, in rendering the judgment, had no record of the inferior tribunal before it, other than the exhibits incorporated in the petition for the writ. This does not constitute the "transcript of the record and proceedings" required by section 1071 of the Code of Civil Procedure. The return being defective, the court could have ordered a further return to be made. (Code Civ. Proc., sec. 1075.)

Respondent's position is not aided by his suggestion for diminution of the record by the stipulation of the parties, entered into in the court below, granting defendant time to prepare a return, for, as we have stated, none was presented.

It was the duty of the plaintiff to furnish the record to be reviewed, and failing "to use due diligence in having a complete record made out," his proceeding should have been dis-

missed.    (*I. X. L. Lime Co.* v. *Superior Court,* 143 Cal. 175, [76 Pac. 973].)

Inasmuch as the petitioner was not beneficially interested to the degree required by the statute, to enable him to maintain the proceeding, and as the court below acted in excess of its jurisdiction in proceeding with no record before it, the judgment is reversed.

Richards, J., and Kerrigan, J., concurred.