[Civ. No. 6442.   First Appellate District, Division Two.—June 22, 1928.]

GREGORY M. GOODRICH, etc., Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Reisner & Deming for Petitioner.

Thomas M. Foley and Kington & Cunningham for Respondents.

NOURSE, J.—Petitioner seeks a review of the order of the Superior Court adjudging him guilty of contempt for his refusal to obey a writ of possession issued pursuant to a judgment entered in the action entitled *Whittier* v. *Auth,* pending in the Superior Court in the City and County of San Francisco. The theory of the petition is that the court was without jurisdiction to try or adjudge petitioner for contempt because he was not a party to the proceeding in which the judgment was entered, but took possession of the premises under an independent claim of title. On behalf of the respondent it is argued that the petitioner, who is employed by Auth as janitor of the premises involved in the other action, is claiming possession in bad faith and in collusion with Auth.

The record before us is incomplete in many particulars. Each party complains of the other's fault in not preparing a return and counsel for both parties carry in their briefs more statements of fact than appear in the record upon which our review must rest. The petitioner is the party interested in having the action of the lower court reviewed and it is his duty to see that the return is filed and a complete record made up, just as it is the duty of an appellant to perfect his record on appeal. (4 Cal. Jur. 1100; *I. X. L. Lime Co.* v. *Superior Court,* 143 Cal. 170, 175 [76 Pac. 973].)

In a proceeding of this kind the return should contain the affidavits upon which the order to show cause was issued, the order and the judgment or order sought to be reviewed. These should be certified by the clerk of the tribunal to which the writ has been directed. (4 Cal. Jur. 1100.)

Here the only paper purporting to be a return to the writ is a transcript of the court reporter's notes of what transpired at the time of the hearing. This is not certified by the clerk of the court or by the judge of the court,

respondent herein. An affidavit and order are attached to the petition herein, but these are not certified by any person competent to make certification, and it does not appear whether this affidavit was used at the hearing. ▮ The petition having become *"functus officio"* upon the issuance of the writ herein, we cannot rest our review upon any of the allegations found therein (*Donovan* v. *Police Commrs.*, 32 Cal. App. 392, 397 [163 Pac. 69]), but we are limited to a review of the properly authenticated record of the proceedings themselves. (*Borchard* v. *Board of Supervisors of Ventura County*, 144 Cal. 10, 14 [77 Pac. 708]; 4 Cal. Jur. 1107.) If there should be any doubt upon this question it is settled by section 1075, of the Code of Civil Procedure, which authorizes a reviewing court to conduct a review of the proceedings below "when a full return has been made." ▮ Manifestly, if the trial court found that the claim of title made by petitioner was fictitious and that he was acting solely as the agent, or tool, of the defendant Auth for the purpose of defeating the judgment, it has not exceeded its jurisdiction in adjudging him guilty of contempt. In the absence of a showing to the contrary we must presume that the court proceeded with due regard for the rights of the parties within its jurisdiction.

The writ is discharged, the temporary restraining order heretofore issued herein is dissolved, and the proceedings are dismissed.

Koford, P. J., and Sturtevant, J., concurred.