[Civ. No. 7851. First Appellate District, Division One.—March 25, 1931.]

HERMAN W. BRUNE, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

22

Milton H. Silverberg for Petitioner.

Joseph A. Brown for Respondents.

KNIGHT, J.—The petitioner Herman W. Brune was adjudged guilty of contempt by the Superior Court for failure to pay certain sums of money for the support and maintenance of his wife and his minor child as directed by the terms of an interlocutory decree of divorce theretofore entered in the divorce action; and he seeks in this proceed-

ing in *certiorari* to have the judgment of contempt annulled, it being alleged in his petition, as grounds for the issuance of the writ, that no testimony was taken at the hearing of the contempt proceeding to substantiate the averments of the affidavits initiating the contempt proceedings; and that petitioner was precluded from introducing testimony showing his inability to comply with said decree or that the amount of the alleged arrearage was incorrect.

■ As frequently held, in a proceeding such as this, the reviewing court is restricted to a consideration of the single question of whether the trial court exceeded its jurisdiction; and even though it appear that, during the hearing or in the determination of the matter before it, the trial court may have erred to the prejudice of the petitioner, either in matters of fact or matters of law, relief may not be afforded through the medium of a writ of review (*White* v. *Superior Court,* 110 Cal. 60 [42 Pac. 480, 481]). In the case cited the court goes on to say: ''The question being purely one of power, the mere manner in which the contempt proceeding was tried, the rulings of the court upon the admissibility of evidence, and kindred matters, are things wholly without the range of our investigation. Nor can we look into the evidence to inquire as to its sufficiency to sustain the finding and conclusion of the superior court. If the court had jurisdiction, and the recitals of the judgment or order are sufficient to sustain it, those recitals are conclusive upon us in this proceeding. We are confined to the record. 'If the order is one which the court had power to make, it is not for us to inquire whether this power was properly exercised or not. The writ of review is not a writ of error.' (*Von Roun* v. *Superior Court,* 58 Cal. 358.)''

■ In the present case the affidavit by which the contempt proceedings were brought about contains averments to the effect that defendant had full knowledge of the orders and decrees of the court directing him to pay said sums of money; that he was in arrears in making such payments, and that although well able to pay the same, he wilfully refused and neglected so to do. At the hearing of the contempt proceeding petitioner was present and represented by counsel, and the minutes of the court show that petitioner and his wife were sworn and examined. In its judgment of contempt, besides confirming the truth of all of

the jurisdictional facts averred in the affidavit, the court declared "that defendant is well able to pay each and all of said sums", but "wilfully, deliberately, and contemptuously" neglected and refused so to do. The record therefore shows complete jurisdiction over the parties and the subject matter of the proceeding, and consequently is legally sufficient to sustain the judgment of contempt. (*In re Rasmussen*, 56 Cal. App. 368 [205 Pac. 72]; *In re McCarty*, 154 Cal. 534 [98 Pac. 540].)

■ Answering the contention. that petitioner was precluded from showing an inability to pay the amount of the arrearage, it is necessary only to advert to the rule heretofore stated, that every intendment is in favor of the validity of the judgment; and therefore in the absence from the record of any showing to the contrary, it will be presumed that the trial court proceeded within its jurisdiction with due regard for the rights of the parties (*Goodrich* v. *Superior Court*, 92 Cal. App. 695 [268 Pac. 669]). ■ And with reference to the question of the correctness of the amount of the arrearage, petitioner admits that he was in default in the payment of a considerable sum; consequently, the court was vested with power to adjudge him guilty of contempt, providing the other elements of jurisdiction were present; and the contents of the return to the writ and the records of the court which are made part of the return clearly show that they were.

For the reasons stated the writ of review is discharged, and the proceedings taken in pursuance thereof are dismissed.

Cashin, J., and Tyler, P. J., concurred.