[L. A. No. 18000. In Bank. Feb. 11, 1943.]

LILLIAN MIDDLEBROOK, Individually and as Administratrix, etc., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

George Appell and Harry A. Mock for Petitioner.

C. H. Hartke and Freeman R. Brant for Respondents.

EDMONDS, J.—In an original proceeding, a writ of certiorari was issued to review an order made by the probate court in the matter of the Estate of Ella Wallace Perkins, deceased, requiring the administratrix to repossess property which had been delivered to her, Rose Dunlap Franklin and Jessie W. Chapman pursuant to a judgment which was later modified and has now been affirmed. (*In re Perkins' Estate, ante,* p. 561 [134 P.2d 231].) Upon the day set for hearing the matter, Clifford L. Perkins, the real party in interest, moved to discharge the writ and dismiss the proceeding upon the ground that no return had been filed, and consequently there is nothing before the court to review. Although it is the duty of the court or officer to whom a writ of certiorari is directed to prepare a return, yet it is incumbent upon the petitioner for the writ to see that the return is made. To accomplish this, he may, if necessary, invoke the aid of the court which issued the writ to compel compliance with its requirements. As the person interested in having the action of the inferior tribunal reviewed, it is

as much the duty of the petitioner to furnish the record to be reviewed as it is the duty of an appellant to have a transcript before the court. (*I. X. L. Lime Co.* v. *Superior Court,* 143 Cal. 170 [76 P. 973]; *Goodrich* v. *Superior Court,* 92 Cal.App. 695 [268 P. 669]; *James* v. *Police Court,* 39 Cal.App. 362 [178 P. 867].) For on certiorari, the court is limited to a review of the properly authenticated record of the proceeding. (*Borchard* v. *Board of Supervisors,* 144 Cal. 10 [77 P. 708]; *Stumpf* v. *Board of Supervisors,* 131 Cal. 364 [63 P. 663, 82 Am.St.Rep. 350]; *Goodrich* v. *Superior Court, supra; Donovan* v. *Board of Police Commissioners,* 32 Cal.App. 392 [163 P. 69].)

The petitioner has neither complied with this fundamental rule of procedure nor offered any excuse for the lack of a record. The writ must therefore be discharged and the proceeding dismissed.

It is so ordered.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., Traynor, J., and Schauer, J., concurred.