[Crim. No. 2207. Third Dist. Oct. 25, 1950.]

In re ALBERT OXMAN, on Habeas Corpus.

Albert L. Wagner and E. R. Vaughn for Petitioner.

J. Francis O'Shea, District Attorney (Sacramento), Milton L. Schwartz, Deputy District Attorney, and Ralph H. Lewis for Respondent.

ADAMS, P. J.—Oxman filed this petition for a writ of habeas corpus, alleging that he was unlawfully imprisoned by the Sheriff of Sacramento County. He asserted that a temporary injunction was issued by the superior court of that county ordering petitioner *to refrain* from doing certain acts in connection with a business owned and operated by him, and that pursuant to certain proceedings the court adjudged him to be in contempt of the court for violation of said injunction, and committed him to the custody of the sheriff to serve five days' imprisonment. He contends that the order is void because he was unable to comply with the court's order, and that no finding was ever made that he was able to comply with the injunction; that he has committed no offense nor violation of said injunction, and is conducting a lawful business in a commercial zone in Sacramento, in a lawful manner.

Attached to the petition are copies of the order adjudging him guilty of contempt, his objections thereto, his motion to set aside said order, affidavits filed in the trial court by him and his attorney, and a letter purporting to be a report to Oxman by an acoustical engineer. No one of them was authenticated.

This court issued a writ of habeas corpus. In response thereto the sheriff filed a return, attached to which and made a part thereof was a copy of the commitment. He denied, for lack of information or belief, the allegations of the petition. Petitioner then filed an answer to such return, alleging that the commitment did not show that he was able to comply with the terms of the injunction, that plaintiffs' complaint failed to state a cause of action for injunctive relief, or that petitioner was maintaining a nuisance, and that, on the contrary, the testimony at the hearing in the contempt proceeding tended to show that he attempted to comply with the injunction. He also alleged that a determination of the matter could not be had without the record of the proceedings of the superior court, and that it was necessary to have, in the record before this court, the complaints, both original and amended, the demurrer of defendant, the order to show cause, the affidavit of Oxman filed June 20, 1949, the minute order granting the injunction, the court's opinion, the injunction, the answer to the complaint, the affidavit for contempt, the order adjudging defendant guilty of contempt, and numerous other of the records in the proceeding, including the testimony

at the hearings. But he filed none of them, though he was warned of the necessity for so doing, and extensions of time were granted; nor was any evidence presented before this court. Strictly speaking, then, we have before us only the petition, the return and the answer thereto.

In his brief before this court petitioner argues that the contempt order was beyond the court's jurisdiction, because (1) the complaint in the lower court did not state a cause of action for which an injunction could be granted; (2) that the trial court did not find that it was possible for petitioner to comply with the injunction; and (3) that he did not violate it. We are, however, unable to determine these matters for lack of a record. While petitioner was apparently aware of the fact that such record was essential, he took no steps to provide it. The burden was upon him to do so. In *In re Egan,* 24 Cal.2d 323, 330 [149 P.2d 693], the Supreme Court said, in a habeas corpus proceeding:

"The function of the petition is to obtain the issuance of the writ. The return is not to the petition, but to the writ. Issues are thereupon joined by denial or other controversion of the material matters set forth in the return (Pen. Code, § 1484), and were so joined in this case by the petition, considered as a traverse to the return pursuant to the stipulation. Thereupon, the petition being considered the answer, allegations as to any new matter therein are deemed denied. By analogy, the return is the complaint and the traverse (the petition) is the answer. New matter set up in the answer is deemed denied and must be proved by the parties alleging it, namely the petitioners (*In re Collins,* 151 Cal. 340, 342, 343 [90 P. 827, 91 P. 397, 129 Am.St.Rep. 122].)"

In *Goodrich* v. *Superior Court,* 92 Cal.App. 695 [268 P. 669], where review of an order adjudging Goodrich guilty of contempt of court was sought, it was held that since petitioner was the party interested in having the action of the lower court reviewed, it was his duty to see that a return was filed, and a complete record made up, just as it is the duty of an appellant to perfect his record on appeal; and that the appellate court was limited to a review of the properly authenticated records. And it was also said that upon the issuance of the writ the petition became functus officio, and review could not be rested upon any of the allegations found therein (citing *Donovan* v. *Board of Police Commissioners,* 32 Cal.App. 392, 397 [163 P. 69]), but was limited to the authenticated record of the proceedings themselves.

██ In numerous other habeas corpus proceedings, not involving imprisonment for contempt, however, it has been said that the burden is upon a petitioner to establish grounds for his release. See *In re Williams,* 183 Cal. 11, 14 [190 P. 163] ; *In re McVickers,* 29 Cal.2d 264, 285 [176 P.2d 40] ; *In re Staser,* 84 Cal.App.2d 746, 749 [191 P.2d 791], holding that the presumption of regularity of the proceedings in support of a judgment prevails in the absence of evidence to the contrary. See, also, *In re Risner,* 67 Cal.App.2d 806, 811 [155 P.2d 667] ; *In re Knight,* 62 Cal.App.2d 582, 586 [144 P.2d 882] ; *Middlebrook* v. *Superior Court,* 21 Cal.2d 579 [134 P.2d 241] ; *In re Bell,* 19 Cal.2d 488, 500 [122 P.2d 22].

██ As for petitioner's contention that the complaint in the trial court did not state a cause of action for which an injunction could be granted, obviously we cannot pass upon same, first, because the complaint is not before us, and second, because a writ of habeas corpus may not be relied upon to raise questions of alleged errors of law on the part of the trial court; and we must assume that the complaint stated a ground for the issuance of the injunction since a presumption of regularity prevails in the absence of evidence to the contrary. (*In re Staser, supra; In re Bell, supra; In re Ajuria,* 188 Cal. 799 [207 P. 516] ; 13 Cal.Jur., § 53, p. 276.)

In *In re Peart,* 5 Cal.App.2d 469, 476 [43 P.2d 334], this court said that the sole purpose and function of either a writ of habeas corpus or a writ of review in a contempt proceeding is to determine jurisdiction; that either proceeding would perform that office, that is, secure a determination whether, in adjudging petitioner guilty of contempt, the court exceeded its jurisdiction; and it further held that if such jurisdiction were found to exist the writ must be discharged although it might appear that in passing upon the matter the court committed some error of law. Also see *Associated Lumber etc. Co.* v. *Superior Court,* 79 Cal.App.2d 577, 580 [180 P.2d 389] ; *In re Valterza,* 37 Cal.App.2d 682, 684 [100 P.2d 337] ; *In re Wood,* 34 Cal.App.2d 546, 551 [93 P.2d 1058]. In *Bridges* v. *Superior Court,* 14 Cal.2d 464, 484-485 [94 P.2d 983], it was said that while an appellate court, in passing upon the question of the trial court's jurisdiction, may consider the evidence to determine whether it is sufficient to give that court jurisdiction, such review is limited to determining whether there was any substantial evidence to

sustain the jurisdiction. We have before us neither the affidavit charging contempt nor the testimony taken at the hearings. In *In re Bell, supra,* the court said that a habeas corpus proceeding is in the nature of a collateral attack, and a judgment so attacked carries with it a presumption of regularity. Also see *In re Seeley,* 29 Cal.2d 294, 299 [176 P.2d 24]. The order of commitment of the court recites the facts upon which it was based, and these facts must be taken as true. (*In re Foss,* 123 Cal.App. 542, 544 [11 P.2d 676].) In *In re Cinnamond,* 119 Cal.App. 56 [5 P.2d 928], in which petitioner failed to attach to his petition any of the record upon which the court acted in a contempt proceeding, it was said that it would be presumed, in the absence of any showing to the contrary, that the court acted within its jurisdiction.

As for petitioner's second contention, that the trial court did not find that it was possible for petitioner to comply with the injunction, if we assume that the order of the trial court is before us, despite the failure to authenticate it, we note that it recites that Oxman was served with a copy of the injunction but had intentionally and contumaciously failed to obey it, particularly in that he had continued to cause music, both orchestral and vocal, to be performed upon his premises, and until recently had continued the use of an amplifying system, and had constantly disregarded the conditions of the injunction regarding the use of such amplifying system; that nightly the voice of his master of ceremonies, and the sounds of percussion and other instruments had entered upon the premises of plaintiffs and seriously injured plaintiffs in the operation of their hotel business and the repose of plaintiffs' hotel guests; that several hearings had been had upon an affidavit filed by plaintiffs charging contempt of court in failing to regard the terms of the injunction, and that testimony had been introduced tending to show that the noises from petitioner's operations had increased rather than diminished; and that on one evening during an exhibition, from 10 p. m. to 2 a. m., the orchestra played excessively loudly, that a particular type of drummer whose bangings were unduly loud had been employed, and that the noises had been louder than before the issuance of the injunction.

Though no findings of the trial court designated as such are before us, the order of the court indicates that the injunction was prohibitory, that it prohibited the use of an amplifying system, that petitioner failed to observe this prohibition, and, on the contrary, at least on one occasion, increased rather

than diminished the noises emanating from his premises, and that petitioner had "wrongfully, intentionally and contumaciously" failed to obey the injunction. We think that, in view of the foregoing, it is immaterial whether or not there was an express finding that petitioner was able to comply with the prohibitory terms of the injunction since compliance with an order not to do a certain thing reasonably may be effected. Any finding would undoubtedly be that petitioner had the ability to comply; otherwise it could not be said that he had "intentionally and contumaciously" failed to obey. Petitioner cites no authority contrary to this view.

As for petitioner's final contention, that he did not violate the injunction, this involves a question of fact which the trial court has resolved against him, and, in the absence of any record of the evidence adduced at the hearings, we can only assume that there was evidence to support the conclusions.

The writ is discharged and petitioner is remanded.

Peek, J., and Van Dyke, J., concurred.