[Crim. No. 5436.   In Bank.   Sept. 25, 1953.]

In re ROBERT H. MASCHING, on Habeas Corpus.

Morris Lavine for Petitioner.

Ray L. Chesebro, City Attorney, Donald M. Redwine, Assistant City Attorney, and Philip E. Grey, Deputy City Attorney, for Respondent.

GIBSON, C. J.—Petitioner was convicted in the municipal court of violating section 502 of the Vehicle Code, which provides that driving a vehicle upon a highway while under the influence of intoxicating liquor is a misdemeanor, and the judgment was affirmed on appeal to the appellate department of the superior court. The validity of the judgment of conviction is attacked in this habeas corpus proceeding on the grounds that petitioner was denied the right to be represented by counsel, that he was deprived of the right to a jury trial, and that the sentence imposed upon him is illegal. The District Court of Appeal issued a writ of habeas corpus and subsequently discharged it, and a petition for hearing was then granted by this court.* We have determined that the conviction was improper because petitioner was denied his right

---

*The hearing was granted upon application made by petitioner pursuant to section 1506 of the Penal Code, as amended in 1951, which provides that in all criminal cases the defendant or the People may apply to the Supreme Court for a hearing after a decision by a District Court of Appeal in a habeas corpus proceeding. (*Cf. In re Alpine*, 203 Cal. 731, 745 [265 P. 947]; *In re Page*, 214 Cal. 350, 354-358 [5 P.2d 605].)

to counsel, and, accordingly, it is unnecessary to decide the other questions which he has raised.

██ Petitioner has exhausted his remedy of appeal, and he may use habeas corpus to test whether he was deprived of a fundamental right guaranteed by our Constitution. (*In re Bell,* 19 Cal.2d 488, 493, 495 [122 P.2d 22].) ██ The California Constitution provides that in criminal prosecutions in any court the party accused shall have the right to appear and defend in person and with counsel.† (Cal. Const., art. I, § 13.) The right conferred by this provision extends to persons charged with misdemeanors. (See *In re Jingles,* 27 Cal.2d 496, 498 [165 P.2d 12].)

The record in the municipal court shows that an automobile driven by petitioner collided with a streetcar on May 10, 1952, and that two days later a complaint was filed against him. The minutes of the municipal court recite that on May 13 petitioner, appearing "in pro per," was "duly arraigned, informed of the charge against him and of his legal rights," that he "enters his plea of not guilty" and that he "personally demands jury trial." The trial was set for June 12, and the case was called on that day in division 7. Petitioner appeared without counsel, and according to the reporter's transcript the following occurred:

"THE COURT: Do you want this matter continued and for what purpose?

"DEFENDANT MASCHING: Well, sirs, I have been confined to bed for the last three weeks and I would like a chance to get my witnesses, and also counsel.

"THE COURT:You have had plenty of time to do that. Motion denied. The matter will be sent out for trial."

The minutes of division 7 for June 12 recite: "Defendant's motion to continue denied. Defendant waives jury trial. Transferred to Division 6 for trial."

Petitioner, tried on the same day before a judge without a jury, was found guilty and sentenced to be imprisoned in the

---

†The constitutional requirement is supplemented by provisions of the Penal Code. Section 858 provides: "When the defendant is brought before the magistrate upon an arrest, either with or without warrant, on a charge of having committed a public offense, the magistrate must immediately inform him of the charge against him, and of his right to the aid of counsel in every stage of the proceedings." Section 987 provides: "If the defendant appears for arraignment without counsel, he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desires the aid of counsel. If he desires and is unable to employ counsel, the court must assign counsel to defend him."

city jail for 180 days. The sentence was suspended, and he was placed on probation for a period of three years on condition that he spend the first 170 days of the probationary term in jail.

Petitioner alleges that as a result of the accident he was confined in bed for three weeks with fractured ribs and a head injury, that during that period he was unable to secure an attorney or arrange to subpoena witnesses, that he was without funds to hire counsel and that a few days before trial he sought assistance from the public defender but was informed that this officer did not represent persons charged with driving while intoxicated. Petitioner further alleges that he at no time waived his right to counsel, that no attorney was appointed to aid him although a deputy public defender and other attorneys were present in the courtroom at the time of his trial, and that he was not sufficiently acquainted with legal procedure to know that he had to do anything other than request a continuance for time to obtain an attorney.

■ The return to the writ incorporates by reference the record of the appellate department of the superior court, including a transcript of the proceedings before the municipal court, and it has been stipulated that the petition may be treated as a traverse to the return. Accordingly, the return is to be considered as a complaint and the petition as an answer, and new matter set up in the petition which tends to invalidate the apparent effect of the process set forth in the return is deemed denied and must be proved by the party alleging it, namely, the petitioner. (*In re Egan,* 24 Cal.2d 323, 330 [149 P.2d 693]; *In re Collins,* 151 Cal. 340, 342-343 [90 P. 827, 91 P. 397, 129 Am.St.Rep. 122]; see *In re Oxman,* 100 Cal.App.2d 148, 150 [223 P.2d 66].) ■ As pointed out in the Collins case, the respondent is not required to file, in addition to the return, a pleading specifically denying the affirmative allegations of the petition when it is treated as a traverse. (151 Cal. at pp. 342-343.) However, even if we disregard the allegations which are not admitted by the return, the record plainly demonstrates that petitioner was improperly deprived of counsel.

■ It should be noted at the outset that there is nothing which indicates that petitioner waived his right to have an attorney. No express waiver was made, and there is no basis for implying one in view of the fact that petitioner informed the court, when his case was called for trial, that he wished to obtain counsel.

■ As we have seen, the record shows without dispute that petitioner informed the trial court that he had been "confined to bed for the last three weeks" and that he would like a chance to get witnesses and counsel. While petitioner did not directly state that the illness or disability which confined him to bed prevented him from obtaining counsel, it is obvious that this is the meaning of his statement to the court. It must be remembered, in this connection, that petitioner did not then have the aid of an attorney to prepare a more specific or more detailed explanation for his appearance without counsel, and it would of course be unreasonable to apply to him the same standards of skill expected of an attorney. The declaration of the trial court to petitioner that "You have had plenty of time" to obtain counsel is not justified by the record and does not meet petitioner's explanation that he was confined to bed during the three weeks immediately preceding the trial.

■ Since petitioner was not represented by an attorney when his case was called for trial, the court should have been particularly careful to safeguard his rights, and, before rejecting his uncontradicted explanation, it should have at least questioned him as to any doubts it might have had with respect to the truth or validity of his statement. Instead, however, the court summarily denied his request for a continuance and ordered trial to commence at once. Under all the circumstances this procedure amounted to a denial of petitioner's constitutional right to counsel. It follows that his conviction cannot be permitted to stand and that he should be remanded to custody for further proceedings in the municipal court in conformity with his right to counsel. (*In re McCoy*, 32 Cal.2d 73, 76-77 [194 P.2d 531]; see *In re Egan*, 24 Cal.2d 323, 337 [149 P.2d 693]; *cf. People* v. *Lanigan*, 22 Cal.2d 569, 572-577 [140 P.2d 24, 148 A.L.R. 176].) If he is again sentenced to imprisonment, he will be entitled to have the time served on the invalid judgment credited upon the new confinement. (Pen. Code, § 2900.1; *In re Roberts*, 40 Cal.2d 745, 748 [255 P.2d 783]; *In re Levi*, 39 Cal.2d 41, 47 [244 P.2d 403].)

The judgment of conviction being invalid, petitioner is remanded to the custody of the chief of police of the city of Los Angeles pending further proceedings in the municipal court.

Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.

CARTER, J.—I concur in the conclusion reached in the majority opinion and generally in the reasoning upon which it is based, as it appears to be in full accord with the views expressed by me in my dissenting opinion in *People* v. *Dorman*, 28 Cal.2d 846, 855 [172 P.2d 686], except that in the Dorman case we were reviewing the case on its merits on an appeal from the judgment, and here the review is limited to the issues which may be raised on habeas corpus.

It is apparent to me that the principal error committed by the trial court in the case at bar was in denying a continuance to enable the defendant to obtain counsel and prepare his defense, as it is clear that even if the court had appointed counsel for him and he had been forced to trial on the day the case was called, he would not have been accorded the type of trial guaranteed by both the federal and state Constitutions and the law of this state. Such was the situation in the Dorman case which a majority of this court sanctioned in affirming the judgment there. It is somewhat refreshing to me to see the court now reverse the position taken by it in the Dorman case.

SHENK, J.—I concur. The petitioner has shown a denial of his constitutional right to counsel. The cases involving this question usually turn on the application of their own facts. The facts in *People* v. *Dorman*, 28 Cal.2d 846 [172 P.2d 686], bear no resemblance to the present case. There the appellant was represented by counsel during all the 41-day period from arraignment to trial. During the trial he "was ably and energetically represented by counsel of his choice" and "The conduct of the defense was full and fair" (majority opinion, p. 852.) It was said in the dissenting opinion at page 859 that defense counsel "presented a vigorous defense." The question in that case was whether the trial judge had abused his discretion in not granting a further continuance. It was held that on the facts presented he had not.

Petitioner's application for a rehearing was denied October 22, 1953.